In re TAMPA CHAIN COMPANY, INC., Debtor.

Leslie BLOND, Appellant,

v.

Barbara BALABER–STRAUSS, as Trustee for Tampa Chain Company, Inc., Plaintiff-Appellee.

No. 86 Civ. 5563 (RWS).

United States District Court, S.D. New York.

Jan. 9, 1987.

Leslie Blond, pro se.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for plaintiff-appellee; by Arthur Steinberg, of counsel.

## OPINION

SWEET, District Judge.

Leslie Blond ("Blond"), former officer and shareholder of Tampa Chain Company, Inc. ("Tampa"), the debtor in this bankruptcy proceeding, has appealed *pro se* from an order of the Bankruptcy Court approving the settlement of the bankruptcy adversary proceeding entitled *Barbara Balaber-Strauss, as Trustee v. Presidential Towers Residence, Inc.*, Adv.Proc.No. 85–6714A (the "Co-op Adversary Proceeding"),[1] and

---

1. The notice of appeal, filed in this court on July 16, 1986, purports to be an appeal from the later order of the Bankruptcy Court dated June 26, 1986 striking certain items from the designation of record on appeal with respect to this adversary proceeding. Since appellate review of that order alone would not affect the outcome of the adversary proceeding, and since a notice of appeal of the order of the bankruptcy court denying Blond's motion to vacate the order settling the Co-op Adversary Proceeding was actually filed in the Bankruptcy Court in connection with this proceeding, the present appeal will be treated as an appeal from the order settling the Co-op Proceeding. The presiding bankruptcy judge, the Honorable Howard C. Buschman III, apparently excluded those items from the record on the grounds, as set forth in

has moved for an order directing Chapter 7 trustee Barbara Balaber-Strauss (the "Trustee") to give account of performance of her duties as trustee under 11 U.S.C. § 704 (Supp.1986). The Trustee has cross-moved for an order (a) dismissing the appeal filed by Blond with respect to the Co-op Adversary Proceeding, (b) dismissing the instant motion filed by Blond, and (c) directing Blond to pay to the Trustee costs, including attorneys fees, incurred by the Tampa estate in connection with the motion and the appeal. For the reasons discussed below, the appeal is dismissed and Rule 11 costs are imposed.

The only issue presented by this appeal is whether the Bankruptcy Court erred in entering an order approving the settlement of the Co-op Adversary Proceeding. In that proceeding, the Trustee sought to recover alleged fraudulent transfers made by Tampa to Presidential Towers Residence, Inc. (the "Co-op"). The standard of review of the Bankruptcy Court's determination of a factual matter is set forth in Bankruptcy Rule 8013, which provides that findings of fact made by the Bankruptcy Court shall not be set aside unless clearly erroneous.

Pursuant to the settlement between the estate and the Co-op, the Trustee received $8,000, which represents approximately 45% of the amount originally sought. Although Blond, as a shareholder of Tampa, now challenges the settlement, no creditor of Tampa ever objected to the settlement. In its moving papers for approval of the settlement and at the hearing for such approval, the Trustee set forth the reasons for settling the case on the terms approved by the Bankruptcy Court. Those reasons included the small amount involved, the expense in litigating the matter, and the defenses raised by the Co-op. The Bankruptcy Court, by its approval of the settlement, accepted as valid the considerations put forth by the Trustee. Blond has not

articulated any basis for the reversal of the lower court's ruling, and this court finds that no such basis exists.

■■■ In deciding whether to approve a proposed settlement pursuant to Bankruptcy Rule 9019(a), the Bankruptcy Court should assess the complexity, expense and likely duration of litigation, the possible difficulties of collecting any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromises. *Cf. Protective Committee v. Anderson*, 390 U.S. 414, 424–25, 88 S.Ct. 1157, 1163–64, 20 L.Ed.2d 1 (1968) (setting forth standards for assessing compromises in Chapter X reorganizations). Basic to this process is consideration of the "likely rewards of litigation." *Id.* at 425, 88 S.Ct. at 1163. The Bankruptcy Court is not required to decide the numerous questions of law and facts raised by the litigation. The court's responsibility is to "canvass the issues to see whether the settlement 'falls below the lower point in the range of reasonableness.'" *In re W.T. Grant Co.*, 699 F.2d 599 (2d Cir.) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir.), *cert. denied*, 409 U.S. 1039, 93 S.Ct. 521, 34 L.Ed.2d 488 (1972)), *cert. denied*, 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983).

■■ The settlement in this case certainly falls within the range of reasonableness, given the costs of litigation and the low amount at stake. Furthermore, Blond's allegation that the Co-op returned the $17,000 at issue in cash to the debtor supports the conclusion that $8,000 is a settlement highly favorable to the debtor's estate.

■■ Blond has presented matters far beyond the scope of the question at issue here, forcing the estate to bear unnecessary expense in defending against a meritless appeal. Blond challenges this settlement as a shareholder of the debtor, yet

the Trustee's brief, that they did not relate to the instant proceeding to recover a fraudulent conveyance and were not considered by the Bankruptcy Court in reaching its decision. Blond has not shown how the items excluded by the judge—the Involuntary Bankruptcy Petition, the

Order for Relief, the Notice of First Meeting of Creditors, the Notice of Gold Chains sold by Trustee on December 12, 1984, and Proofs of Claim—are relevant to the Bankruptcy Court's decision in approving the settlement of an action to recover a fraudulent conveyance.

according to the Trustee's Second Interim Report, it is extremely unlikely that any shareholder will receive a distribution from the estate under 11 U.S.C. § 726, since creditors must first be paid in full from the scant resources of the estate. Blond is at present a defendant in a separate adversary proceeding brought by the Trustee seeking damages of $1.5 million, a proceeding in which trial was held in January, 1986 and which is at present *sub judice.* The present appeal and motion are unwarranted in law and fact and apparently interposed to relitigate other issues not properly a part of this appeal. Therefore, $100 in Rule 11 sanctions will be imposed.

IT IS SO ORDERED.