In re KAISER STEEL CORP., et al., Debtors.

KAISER STEEL CORP., et al.,
Plaintiffs/Appellees,

v.

Joseph A. FRATES, et al.,
Defendants/Appellants.

KAISER STEEL CORP., et al.,
Plaintiffs/Appellees,

v.

Monty RIAL, et al.,
Defendants/Appellants.

Nos. 89–K–570, 89–K–571.
Bankruptcy No. 87–B–1552–E.
Adv. Nos. 87–E–135, 87–E–437.

United States District Court,
D. Colorado.

Oct. 20, 1989.

Theresa J. Collier, Holland & Hart, Denver, Colo., for Clifford V. Brokaw, III.

Daniel N. Larson, Litigation Manager, Kaiser Steel Corp., Rancho Cucamonga, Cal., James P. McCarthy, Lindquist & Vennum, Minneapolis, Minn., H. Thomas Coghill, Coghill & Goodspeed, P.C., Denver, Colo., for Kaiser Steel Corp.

Leon C. Marcus, Booth, Marcus & Pierce, New York City, Michael E. Katch, Katch, Anderson & Wasserman, Denver, Colo., for Unsecured Creditors' Committee.

Ronald G. Rossi, Rossi & Judd, Denver, Colo., Robert E. Darby, Fulbright Jaworski & Reavis McGrath, Los Angeles, Cal., for Howard P. Allen, William R. Gould.

Paul F. Hultin, Parcel, Mauro, Hultin & Spaanstra, Denver, Colo., Thomas E. English, English, Jones & Faulkner, Tulsa, Okl., for Stan P. Doyle, Joseph A. Frates, Charles S. Holmes, Robert E. Merrick, Equivest Associates, J. Anthony Frates, Stephen I. Frates, P. Peter Prudden III, Estate of Howard Samuels.

J. Michael Morgan, Lohf, Shaiman & Ross, Denver, Colo., for Sierra Gateway Development, Inc., State Federal Saving and Loan Ass'n.

Richard P. Slivka, Vinton, Slivka & Panaci, Denver, Colo., C. Joseph Girior, Giroir Law Firm, Little Rock, Ark., for Monty H. Rial.

Julia T. Waggener, Denver, Colo., for Charles S. McNeil.

Robert M. Duitch, Duitch & Johnson, Colorado Springs, Colo., I. Thomas Bieging, Morrato, Bieging, Burrus & Colanto, P.C., Englewood, Colo., for Miles B. Yeagley.

Alan L. Bugg, Colorado Springs, Colo., for Calder & Co., Chimney Rock Coal Co., Colorado Coal Mining Co., Colorado Coal Resources Co., Aztec, Ltd. a/k/a Colorado Pacific Aztec, Energy Capital Ltd. a/k/a Colorado Pacific Energy, Perma Mining Corp., Perma Pacific, Inc., Perma Pacific Properties, Perma Resources Corp.

Joseph N. Mole, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, La., Jeffrey L. Beattie, Denver, Colo., for Dr. Eustace H. Winn, Jr.

William H. Haring, Bostrom, Haring & Hitt, P.C., Denver, Colo., William D. Treeby, Stone, Pigman, Walther, Wittmann and Hutchinson, New Orleans, La., for Lloyd G. Hansen.

Darrell G. Waas, Otten, Johnson, Robinson, Ness & Ragonetti, P.C., Denver, Colo., Douglas M. Schwab, Joseph A. Gross, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for Richard N. Gary, Stephen A. Girard.

Douglas M. Tisdale, Brownstein Hyatt Farber & Madden, Denver, Colo., Frank S. Moseley, Robert M. Buschmann, Davis, Polk & Wardwell, New York City, Jerome G. Snider, Davis, Polk & Wardwell, Washington, D.C., for Donaldson, Lufkin & Jenrette Securities Corp.

Todd E. Gordiner, Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., William G. Imig, Ireland, Stapleton, Pryor & Pascoe, P.C., Denver, Colo., for Dean Witter Reynolds, Inc.

Morton G. Rosen, Steven L. Hoch, Haight, Dickson, Brown & Bonesteel, Santa Monica, Cal., John D. Phillips, Hall & Evans, Denver, Colo., for Charles H. Black.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

On March 9, 1989, the bankruptcy court entered a series of orders approving four separate settlement agreements between Kaiser and certain defendants in the *Frates, Rial* and *Jacobs* litigation. These defendants are (1) Dean Witter Reynolds, Inc., (2) Donaldson, Lufkin & Jenrette (DLJ), (3) certain former officers and directors of Kaiser,[1] and (4) Clifford V. Brokaw, a former advisory director of Kaiser. In its findings of fact and conclusions of

---

1. These persons are: William R. Gould, Howard P. Allen, Charles H. Black, Stephen A. Girard, Richard N. Gary, Lloyd G. Hansen, Dr. Eustace H. Winn, Jr., and Miles B. Yeagley. Gould,

Black, Girard and Gary are also among the "director defendants" named in the *Black* litigation.

law entered after a hearing on the agreements, the bankruptcy court found, among other things, that with respect to each settling defendant, the settlements were reached in good faith and the amount of the settlements fell within a reasonable range of the defendant's proportional share of comparative liability. In addition, in a separate memorandum opinion and order filed the same day, the bankruptcy court addressed the contention of the non-settling defendants that it had no jurisdiction to enter the above findings, holding that they were integral to its approval of the settlements under Bankr.R. 9019.

The non-settling defendants (members of the Perma and Frates Groups) now appeal the orders approving the settlements. Although they do not challenge the fact or the amount of the settlements, they contend that the bankruptcy court had no jurisdiction to make extraneous findings that the settlements were reached in good faith and that they represented each settling defendant's comparative liability for damages. The appellants are particularly concerned with these findings because they have alleged cross- and counter-claims for indemnity and contribution by certain of the settling defendants. They note that, under California law, they may be precluded from asserting their indemnity and contribution claims because of the good faith and comparative liability findings.[2] They request, therefore, that I modify the bankruptcy court's orders approving the settlement agreements by deleting these disputed findings.

Kaiser has responded to this challenge in two ways. First, it has filed a motion to dismiss the appeal, arguing that it is moot because the appellants did not obtain a stay of the orders approving the settlements. Second, in the event that the appeal is not moot, Kaiser argues that the bankruptcy court's findings were not only within its jurisdiction, but a necessary prerequisite to its approval of the settlement agreements. Thus, there are two issues raised: (1) whether the appeal is moot because the appellants have not obtained a stay, and (2) whether, on the record before it, the bankruptcy court properly entered the findings that the settlements were entered in good faith and represented each defendant's proportional liability for the damages claimed against it. I conclude that the appeal is not moot, and that the bankruptcy court's findings should be upheld.

## I. *Motion to Dismiss for Mootness*

■ On June 7, 1989, Kaiser filed its motion to dismiss these appeals on the grounds of mootness. Kaiser argues that, since the appellants did not obtain a stay of the bankruptcy court's orders approving the settlements and that certain aspects of the settlement agreements have already been consummated, these appeals are moot because the court is precluded from granting effective relief.[3] Specifically, Kaiser notes that orders have already been entered, pursuant to a settlement agreement,

---

**2.** Section 877 of the California Code of Civil Procedure provides:

Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort ...

(a) It shall not discharge any other such party from liability unless its terms so provide, but it shall reduce the claims against others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it whichever is the greater.

(b) It shall discharge the party to whom it is given from all liability for any contribution to any other party.

Cal.Civ.Proc.Code § 877(a), (b) (West Supp. 1989); *see also id.* § 877.6.

In *Singer Co. v. Superior Court*, 179 Cal. App.3d 875, 225 Cal.Rptr. 159 (1986), the court held that a joint tortfeasor not a party to a lawsuit, either by complaint or cross-complaint, at the time another joint tortfeasor settled with the plaintiff is *not* bound by § 877, since the non-party tortfeasor had no opportunity to be heard on the good faith of the prior settlement. *Singer* would likely not apply to this case because both the Frates and Perma defendants are parties to the lawsuits in which the settlements were reached and, as discussed herein, have had an opportunity to be heard on the merits of the settlements. *Compare Horton v. Superior Court*, 194 Cal.App.3d 727, 238 Cal.Rptr. 467 (1987).

**3.** Donaldson, Lufkin & Jenrette has joined in this motion.

dismissing with prejudice Kaiser's claims against DLJ and DLJ's counterclaims against Kaiser. In addition, certain settlement payments have already been made.

The appellants have responded that the appeal is not moot because the appellants do not seek to "undo" anything that has already been done, or to otherwise alter the terms of the underlying settlement agreements. Instead, they only request that certain portions of the bankruptcy court's orders approving the settlements be vacated. Additionally, they contend that Kaiser and DLJ cannot block the effective appeal of the bankruptcy court's orders by having "rushed to dismiss their claims against each other before this Court has had the opportunity to rule on the issues on appeal." Frates Defendants' Response to Motion to Dismiss at 3.

"In general a case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (citations omitted). In the bankruptcy context, the application of the mootness doctrine most commonly involves the appeal of a bankruptcy court order authorizing the sale or distribution of property or the extension of credit, oftentimes as part of the bankruptcy court's approval of a reorganization plan. Once the sale or distribution is consummated or the implementation of the plan substantially underway, there is little the district court can do to grant effective relief. Consequently, the appeal is considered moot. *See, e.g., Kaonohi Ohana, Ltd. v. Sutherland*, 873 F.2d 1302, 1306 (9th Cir.1989) (Sylvester Stallone entitled to keep property sold to him by debtor; bankruptcy court order declaring earlier contract for sale of the same property executory not appealable); *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*, 841 F.2d 92, 96 (4th Cir. 1988) (appeal of order confirming plan moot); *Miami Center Ltd. Partnership v. Bank of New York*, 838 F.2d 1547, 1557 (11th Cir.1988) (appeal of order confirming plan, lifting stay and allowing foreclosure moot after foreclosure sale). The applica-

tion of the mootness doctrine under these circumstances furthers two important goals: it guarantees that the court adjudicates only live controversies and it promotes the finality of bankruptcy court orders. *See Onouli–Kona Land Co. v. Richards*, 846 F.2d 1170, 1172 (9th Cir.1988) (applying 11 U.S.C. § 363(m), a statutory mootness provision relating to the bankruptcy court's authorization of the sale or lease of property).

In considering whether a particular appeal is moot, however, "[t]he court should reach a determination upon close consideration of the relief sought in light of the facts of the particular case." *Central States*, 841 F.2d at 96. Where it appears that effective relief can be granted on appeal, courts have reached the merits of an appeal even though the complaining party has not obtained a stay of the underlying order. *See, e.g. Phoenix Bond & Indem. Co. v. Shamblin (In re Shamblin)*, 878 F.2d 324 (9th Cir.1989) (failure to obtain stay of order refusing to set aside tax sale does not moot appeal where tax deed not obtained in good faith); *Spacek v. Thomen (In re Universal Farming Indus.)*, 873 F.2d 1334, 1335 (9th Cir.1989) (dispute as to priority between creditors ancillary to underlying bankruptcy; appeal not moot although bankruptcy case dismissed); *Word v. Commerce Oil Co. (In re Commerce Oil Co.)*, 847 F.2d 291, 293 (6th Cir.1988) (recurring issue of whether bankruptcy stay applied to state's fixing of fines for environmental violations not mooted by lifting of stay).

This appeal, unlike the cases cited by Kaiser, does not raise the ordinary mootness issue. There has been no disputed sale or distribution of property and the appellants do not challenge an order confirming a reorganization plan. The parties are not seeking to reverse the approval of the settlements, but are only trying to narrow the scope of the bankruptcy court's order approving them. Kaiser and DLJ argue, however, that their dismissal of claims against each other is such an irreversible circumstance such that the appeal should not be permitted. In essence, they contend that their settlement was consum-

mated as a result of the court's order, and any modification of that order would affect the consideration underlying the settlements.

However, the modification that the appellants suggest would not invalidate the underlying approval of the settlement agreements. Kaiser and the settling defendants have continuously argued that they are and were not seeking that the bankruptcy court make findings relevant to the counter- and cross-claims for indemnity, but desired only that the court make findings necessary under Bankr.R. 9019. I take them at their word. Thus, it makes no difference what particular language the bankruptcy court used to approve the settlements, so long as its findings were adequate under Rule 9019. In addition, the agreement with DLJ provides for an immediate consummation of its terms, unlike the settlement agreements reached with the other defendants which provide for consummation of the settlement only upon entry of a non-appealable final order approving the settlements. *See* R. Vol. X at 43. Thus, it is clear that the parties contemplated that there may be an appeal of the settlements. Given these circumstances, I deny the motion to dismiss.

## II. *Merits of Appeal of Bankruptcy Court's Order Approving Settlements*

The appellants raise four reasons why the bankruptcy court's findings as to good faith and comparative liability were improper. First, they contend that the record before the bankruptcy court does not support the findings. Second, they argue that the court had no jurisdiction to make the findings. Third, they assert that the bankruptcy court's dismissal of their indemnity counterclaims establishes the law of the case that the court had no jurisdiction to enter the findings. Fourth, they argue that entry of the findings violates their right to due process.

■ The bankruptcy court's approval of a settlement agreement is reviewable only for an abuse of discretion. *Reiss v. Hagmann,* 881 F.2d 890, 891–92 (10th Cir. 1989); *Security Nat'l Bank v. Turner (In*

re Ocobock), 608 F.2d 1358, 1360 (10th Cir. 1979). The court's decision to approve a settlement must be an informed one, however, based upon an objective evaluation of the developed facts. *Reiss,* 881 F.2d at 892. In this case, the appellants argue that it was impossible for the bankruptcy court to have found that the settlements were made in good faith and represented each defendant's proportional share of liability because such evidence was never developed during the hearing on the settlements and was only apparent from documents improperly submitted by Kaiser.

■ Even disregarding the documents allegedly improperly filed by Kaiser, there is evidence in the record to support a finding that the settlements were conducted in good faith, and that Kaiser thought that it was recovering a reasonable amount from each settling defendant with respect to the claims against it. The evidence consists of the testimony of Mr. Daniel Larson, who is the president of the reorganized Kaiser and the litigation manager for the corporation. Mr. Larson is an attorney and he personally participated in the negotiations leading to the settlements. He testified fairly extensively about the considerations leading to the settlements with each defendant and why each agreement was fair and equitable to the estate. Therefore, the appellant's arguments that the findings were not supported by the record adduced at the hearing are without merit.

■ The more serious issue is whether the bankruptcy court had jurisdiction to make the disputed findings in the first place. Bankruptcy Rule 9019 governs the bankruptcy court's approval of settlements and compromises. It provides only that, after a hearing on notice to creditors, the court may approve a compromise or settlement. Bankr.R. 9019(a), (b). The standards by which to evaluate a settlement proposal have been defined by the courts. In general, the court must determine whether the settlement is fair and equitable and in the best interests of the estate. *Woodson v. Fireman's Fund Ins. Co. (In re Woodson),* 839 F.2d 610, 620 (9th Cir.1988); *LaSalle Nat'l Bank v. Holland*

*(In re American Reserve Corp.)*, 841 F.2d 159, 161 (7th Cir.1987). To make this determination, the court should consider the probable success of the litigation on the merits, any potential difficulty in collection of a judgment, the complexity and expense of the litigation and the interests of creditors in deference to their reasonable views. *In re The Hermitage Inn, Inc.*, 66 B.R. 71, 72 (Bankr.D.Colo.1986). This standard has been applied in other circuits. *See, e.g., In re Woodson*, 839 F.2d at 620; *In re American Reserve Corp.*, 841 F.2d at 161; *Blond v. Balabar–Strauss (In re Tampa Chain Co.)*, 70 B.R. 25, 26 (S.D.N.Y.1987); *cf. In re The Charter Co.*, 72 B.R. 70, 73 (Bankr. M.D.Fla.1987) (compromise must be in best interests of debtor, estate and creditors and not be attended by fraud or inequitable circumstances shocking to the conscience of the court).

 As is apparent from the authority cited above, findings as to the good faith of the settlement and as ·to the comparative liability of the settling defendants are not among the factors routinely listed for the court's consideration on a Rule 9019 motion. This is the crux of the appellants' argument: they do not argue that the bankruptcy court abused its discretion in applying the listed criteria, but that it went too far by making the additional good faith and comparative liability findings. They further argue that this is a transparent attempt by Kaiser and the settling defendants to cut off their indemnity claims and that this exceeds the bankruptcy court's jurisdiction and violates their right to due process.

There is little relevant authority which speaks to the extent of bankruptcy court jurisdiction in this context. On one hand, some courts have held that it is essential that the bankruptcy court enter sufficiently detailed findings of fact to support its decision approving a compromise or settlement. *See, e.g., In re American Reserve Corp.*, 841 F.2d at 162. Others, however, have held that detailed findings are unnecessary and would overburden an already overworked court. *See Magill v. Springfield Marine Bank (In re Hessinger Resources Ltd.)*, 67 B.R. 378, 381–82 (C.D.Ill.1986) (findings unnecessary when court's statements at hearing on fairness of settlement indicate its consideration of relevant factors). Neither line of cases addresses a situation in which the court is charged with "going too far" in making its findings. In this situation, two approaches are possible.

One approach is to hold that the findings as to good faith and comparative liability are simply part and parcel of the court's consideration of whether the settlements were fair and equitable to the estate. It is certainly reasonable that the court would consider such issues as whether the settlement was negotiated in good faith and whether the estate was going to receive a proportionally fair amount from each defendant given the claims asserted against it in reaching whether the agreements are fair and equitable. In addition, it is important to note that the appellants have never contested the amounts of the settlements themselves or the fact that settlements were reached with these particular defendants. It therefore seems somewhat inconsistent that they are now arguing that the findings as to good faith and comparative liability are improper and that, under California law, they deserve a separate hearing on these issues.

A second approach would be to sustain the appellant's objections and strike the disputed findings. In this case, I think it is no coincidence that the orders approving the settlements (prepared by Kaiser) contained the disputed findings. The settlement agreements themselves provide that Kaiser and the settling defendants "will use their best efforts to obtain from the Bankruptcy Court a finding that this Agreement has been made in 'good faith,' [and that] [t]he purpose of such finding is to bar or dismiss any and all present and future claims, cross-claims, or third-party claims against [the settling defendants] to the extent allowed by law." *See, e.g.,* R.Vol. I, tab 3285A (Exhibit 1 at 12). Notwithstanding this language, Kaiser has repeatedly argued that it was *not* seeking that the bankruptcy court find its "approval of this settlement, as a matter of law, will immediately bar the·claims by the re-

maining defendants for contribution and indemnification." R.Vol. X at 14 (Transcript of Settlement Hearing). In one sense, this inconsistency may indicate a collusive effort between Kaiser and the settling defendants to block the indemnity counterclaims of the appellants, belying the finding of good faith by the bankruptcy court. On the other hand, it may simply indicate the legal reality that a properly obtained settlement with one joint tortfeasor can block the indemnity claims of another joint tortfeasor.

In my opinion, the bankruptcy court's findings were not so far outside the scope of its jurisdiction under Rule 9019 as to constitute an abuse of discretion. This position is further justified by the bankruptcy policy that settlements should be favored. *See In re Hessinger Resources Ltd.*, 67 B.R. at 383. Given the scope and complexity of the Kaiser bankruptcy and the fact that the appellants do not contest the amounts of the settlements, this policy takes on special significance. In addition, the appellants' argument that the bankruptcy court's ruling would preclude their counterclaims is purely hypothetical at this point, since there has been no determination that California law applies to the adversary actions. Nor is it clear that the bankruptcy court's ruling would be res judicata on the issue of good faith or that § 877 would even apply. Consequently, I adopt the first approach.

The appellants further argue that the bankruptcy court's earlier severance of their indemnity counterclaims constitutes the law of the case that the court had no jurisdiction to reach other issues relating to the counterclaims. The bankruptcy court's severance of the counterclaims for lack of jurisdiction did not reach the merits of an issue relating to the counterclaims, nor did its Rule 9019 inquiry. Finally, the appellants claim that the bankruptcy court's ruling deprives them of their right to due process. Yet, it is clear that they did have an opportunity, after proper notice, to be heard on the propriety of the settlements and they did not contest the fact of amounts of the settlements, only the form

of the court's ruling on the issue. For this reason, I think their due process argument fails. The bankruptcy court's rulings are affirmed.