In re HAMADY BROTHERS FOOD
MARKETS, a Michigan
corporation, Debtor.

DURANT ENTERPRISES,
INC., Appellant,

v.

CREDITORS' COMMITTEE OF
HAMADY BROTHERS FOOD
MARKETS, INC., Appellee.

No. 89–CV–71119–DT.
Bankruptcy No. 87–08627.

United States District Court,
E.D. Michigan, S.D.

Feb. 8, 1990.

Mark D. Evans, Alan D. Penskar, Garratt & Evans, Bloomfield Hills, Mich., for Durant Enterprises, Inc.

Brian G. Shannon, Jonathan S. Green, Jaffe, Snider, Raitt & Heuer, Detroit, Mich., for Unsecured Creditors' Committee.

## ORDER GRANTING MOTION TO SUPPLEMENT RECORD ON APPEAL

## ORDER DENYING WITHOUT PREJUDICE MOTION TO DISMISS APPEAL AS MOOT

## ORDER GRANTING MOTION TO STRIKE BRIEF OF APPELLANT AND TO EXTEND THE TIME FOR APPELLEE'S BRIEF

WOODS, District Judge.

These motions arise out of an action by the bankruptcy court confirming the Unsecured Creditors Committee's Chapter 11 plan, and appellant Durant Enterprises, Inc.'s appeal therefrom.

### I.

On March 15, 1989, Judge Arthur J. Spector of the United States Bankruptcy Court for the Eastern District of Michigan entered an Order confirming the Chapter 11 reorganization plan submitted by the appellee Unsecured Creditors Committee (the Committee). The gist of the plan is that it transfers ownership of Hamady Brothers Food Markets, Inc. (Hamady or the Debtor), formerly a wholly-owned subsidiary of Durant Enterprises, Inc., to McColgan Investment Company. Implicit within Judge Spector's confirmation of the Committee's plan was a rejection of the reorganization plan proposed by appellant Durant, a plan in which Durant would retain ownership of Hamady.

On March 29, 1989, Durant timely filed its appeal of the Confirmation Order to the United States District Court, but did not then seek a stay. On April 10, Durant filed with this Court a motion entitled "Motion to Enlarge Time and for Stay." The motion sought an enlargement of time for designating the record and issues on appeal, and asserted that Durant would be irreparably injured if the appeal became moot and Durant lost its ownership interest in Hamady. On April 27, this Court granted the enlargement of time and directed Durant that the rules required it to seek its stay in bankruptcy court. Durant did so.

On June 20, 1989, Judge Spector entered a consent order agreed to by the parties entitled "Consent Order Regarding (i) Motion for Stay of Confirmation Order, (ii) Real Estate Rent Escrow, and (iii) Other Relief." In that order, Durant abandoned its request for a stay, and the Motion to Stay was dismissed with prejudice and without costs. Pertinent provisions of the Consent Order provided that Durant would not file a motion or application requesting any injunctive relief with respect to the Confirmation Order, but that that provision would not limit Durant's post-reversal remedies should Durant prevail in reversing the Confirmation Order upon appeal. The Consent Order further provided, however, that the reversal or modification on appeal of the Confirmation Order would not affect the validity of any debt or priority or lien then or thereafter granted to any entity for any loan or other financial accommodation made for the benefit of Hamady or its creditors in connection with the Committee's Chapter 11 Plan. A second Consent Order entered on June 20, 1989 authorized Hamady to borrow funds from Michigan National Bank, and agreed that Michigan National Bank would be granted all of the priorities and liens set forth in the relevant Loan and Financing Agreement, notwithstanding the outcome of the appeal of the Order of Confirmation.

Thus, the Consent Order prohibits Durant from seeking a stay, and insulates from further review, even if this Court were to reverse or modify the Confirmation Order, the validity or priority of any loan, or any financial accommodation made at any time by any entity. The Consent Order does not waive or otherwise withdraw Durant's appeal.

The Committee, however, has now filed this motion to dismiss Durant's appeal as moot, stating that by withdrawing the stay and allowing implementation of the Confirmation Order to go forward, Durant has allowed to go forward such substantial and irreversible actions in reliance on the Committee's plan that any appeal from that plan is essentially moot. That is, the effective date of the plan was July 19, 1989, and on that date, McColgan Investment Co. acquired all of Hamady's equity securities; financing arrangements were entered into; millions of dollars in new credit were extended; all administrative claims were paid in full; and so on.

The Committee argues that to unravel the deals entered into on July 19 would be so difficult, and would cause so much damage to Hamady that the relief requested by Durant—reversal of the Confirmation Order—is effectively impossible, and thus the appeal is moot. The Committee also seeks to supplement the record on appeal with evidence which will support its motion to dismiss.

## II.

Initially, the Court will address the Committee's Motion to Supplement the Record. In this motion, the Committee requests that we take judicial notice of the above-referenced Consent Order entered by Judge Spector on June 20, 1989, and of the "Order Authorizing Debtor to Borrow Funds from Michigan National Bank and to Grant Certain Liens," also entered by Judge Spector on June 20, 1989. The instant motion also requests that we permit the record on appeal to be supplemented with the affidavit of Stephen Klein, chief financial officer of Hamady, regarding events of July 19, 1989, the effective date of the Chapter 11 plan.

■ The Court finds that there is ample case law authorizing the Court to take judicial notice of the bankruptcy court's orders and to allow a supplementation of the record on appeal. *See Huddleston v. Nelson Bunker Hunt Trust Estate*, 102 B.R. 71 (N.D.Tex.1989). Durant does not contest this Court's authority to take judicial

notice of the June 20 orders; however, Durant opposes the supplementation of the record with Klein's affidavit. Rather, Durant believes that the events of July 19 should be demonstrated to this Court through documentary evidence or through Stephen Klein's live testimony subject to Durant's cross-examination.

■ The Court does not rule out the possibility that it may eventually be necessary to obtain additional documentary evidence or testimony. However, in the interim, the Court sees no reason why the record may not be supplemented with Mr. Klein's affidavit; Durant may offer any of its own affidavits which it feels may be necessary to oppose Mr. Klein's affidavit. Accordingly, the Committee's Motion to Supplement the Record on Appeal is GRANTED.

## III.

■ Next, the Court must address the Motion to Dismiss Appeal as Moot. There is a substantial body of case law which holds that a district court may dismiss as moot an appeal from a confirmation order, when the underlying plan has been so substantially consummated that effective relief is no longer available to the appellant. *See, e.g., In re Roberts Farms, Inc.*, 652 F.2d 793 (9th Cir.1981); *Miami Center Ltd. Partnership v. Bank of New York*, 838 F.2d 1547, 1557 (11th Cir.1988). A court must look to such issues as whether it has become legally and practically impossible to unwind the consummation of the plan or otherwise restore the preplan status quo; the virtues of finality; the passage of time; and whether the relief granted by the court could implicate or have an adverse effect on non-party creditors or would affect the reemergence of the debtor as a revitalized entity. *Huddleston, supra.* The court should reach a determination upon close consideration of the relief sought in light of the facts of the particular case.

■ An important factor to consider is the appellant's failure to obtain a stay. While failure to procure a stay is not *per se* dispositive that an appeal is moot, *see In*

*Re: Kaiser Steel Corp.*, 105 B.R. 971 (D.Colo.1989), courts have held that where a party seriously seeks an outright reversal of a bankruptcy court's order of confirmation, that party should not sit idly by while allowing intervening events to extinguish old rights and create new ones. Cases have held that an appeal may be dismissed as moot where an appellant neglects diligently to pursue available remedies such as a stay, or where an appellant, through "procedural ineptitude," pursues legally ineffective courses of action, which result in a comprehensive change of circumstances of the parties involved in the case. *In Re Roberts Farms, supra; Central States v. Central Transport, Inc.*, 841 F.2d 92 (4th Cir.1988).

■ In this case, it is a mystery why Durant agreed to enter the Consent Order abandoning the stay, if Durant did indeed seriously seek an outright reversal of the Order of Confirmation. As Durant points out, the Consent Order did not waive, but instead expressly preserved, Durant's rights to pursue the appeal. Nevertheless, while the Consent Order ostensibly preserved Durant's appeal, it simultaneously allowed to go forward substantial action in confirmation of the plan, and insulated much of that action from the effects of the outcome of Durant's appeal. Thus, if Durant is to be held to the consequences of its action in entering into the Consent Order, Durant may in fact have waived the appeal that it meant expressly to preserve.

The next step, then, would be for this Court to turn to a review of the actions taken in furtherance of the Confirmation Order, in order to determine whether those actions are so substantial and so inextricably intertwined as to render this appeal moot. Unfortunately, however, the answers to these questions rest on facts which are disputed by the parties. For example, the Committee claims that Hamady is now wholly owned and operated by a new entity; that McColgan Investment Co. has acquired all of Hamady's equity securities, and that all of Durant's equity securities in Hamady have been cancelled; that Hamady's articles of incorporation and by-laws have been amended; and that the pension plans, and group insurance plans of Hamady and McColgan have been consolidated. The Committee argues that such actions cannot be undone without great effort and expense, if indeed they can be undone at all.

Durant responds that while McColgan admittedly acquired all of the equity securities of Hamady, these actions were nothing more than paper transactions that could easily be reversed, as could the amendments of the articles of incorporation and by-laws. Similarly, Durant claims, the merger of Hamady's and McColgan's pension plans and group insurance plans could be severed with little or no expense incurred.

At other points in their respective arguments, the Committee cites millions of dollars of payments going out to creditors, while Durant labels these payments as merely on-going operating expenses incurred by Hamady during its ordinary course of business. Durant claims that the security interests granted certain lenders could be maintained regardless of the outcome of the appeal, while the Committee alleges that those interests would be impaired. The Committee cites union concessions given to Hamady's new management by its employees; Durant alleges that such concessions might be likely to stay in place notwithstanding the reversal of the Confirmation Order, following renewed negotiations with the unions by whomever succeeds McColgan.

Faced with a similar situation in which the facts underlying the mootness questions were in dispute, the court in *Huddleston, supra*, opined that the better course would be to remand the issue to the bankruptcy court to consider any appropriate evidence, to supplement the appellate record accordingly, and to enter findings of fact and conclusions of law. *Id.* at 76. In its well-reasoned opinion, that court pointed out that there is no special justification for handling bankruptcy appeals on a hybrid fact-finding basis when the mootness question must be resolved on disputed controlling facts. Moreover, a bankruptcy judge

who has previously presided over a case—especially a complicated chapter 11 reorganization such as the instant one—can bring a broader perspective and familiarity to the matter, and save all those involved from the waste of time involved in re-briefing the district court. This Court finds the *Huddleston* analysis persuasive and will follow its guidance.

Accordingly, the mootness issue is remanded to the bankruptcy court for determination; that court's determination will be subject to review by this Court. The Committee's Motion to Dismiss is DENIED without prejudice and the Committee is directed to redirect such a motion to the bankruptcy court.

### IV.

Finally, the Committee has submitted a Motion to Strike Brief of Appellant and to Extend the Time for Appellee's Brief Until After Decision of Appellee's Mootness Motion. This motion is GRANTED, as follows. The request to extend time is granted; appellee need not file its appeal brief until after decision of the mootness motion by the bankruptcy court and resolution of any appeal of that decision to this Court.

Further, appellant is hereby directed to resubmit a corrected appeal brief with appropriate, and accurate, page references to transcripts and with corrected, and accurate, quotations. Again, however, Durant need not file such a brief until after resolution of the mootness question, including any appeal of the bankruptcy court's decision on mootness to this Court.

So ordered.