In re SANBORN.

(District Court, W. D. New York. April 12, 1904.)

No. 1,265.

1. BANKRUPTCY—DISCHARGE—OPPOSITION—DISCONTINUANCE—COLLUSION.
    Where, on an application for a bankrupt's discharge, it appeared that certain creditors had opposed the discharge, and had applied for time to file specifications, but, though the time had expired, the specifications had not been filed, and the referee, in a supplemental report, had refused a certificate of conformity required by bankruptcy rule 10, the facts tended to create a presumption or a suspicion that some act had been done by or on behalf of the bankrupt to secure the discontinuance of the opposition, justifying the refusal of the bankrupt's discharge pending a further report by the referee.

In Bankruptcy.

Plumley & Plumley, for the bankrupt.

HAZEL, District Judge. It appears by the records of this court that there has been opposition by various creditors to the discharge of the bankrupt. Requests for extensions of time to file specifications in opposition to a discharge were heretofore made, and granted by this court, but as yet no specifications have been filed, though the time to do so has now expired. The referee, in a supplemental report, has re-

fused the certificate of conformity required by rule 10. The facts therefore give rise to the presumption or suspicion that some act was done either by or on behalf of the bankrupt to secure the discontinuance of such opposition, or that the objecting creditors have been induced to withdraw the same, and to allow the discharge to be granted. It has been held that, if the opposition of the creditor is bought off, it is such a fraud, under the bankrupt act, as would warrant vacating a discharge. In re Dietz (D. C.) 97 Fed. 563. There is no doubt that the court has the power to refuse a discharge to a bankrupt where the entire proceeding is a palpable fraud upon the creditors. Without now determining that question, I believe a proper disposition at this time of the application of the bankrupt for discharge, in view of the prima facie showing of fraud, is to refer the matter back to the referee, with instructions to ascertain and report whether opposition to the discharge has actually been abandoned by the creditors, and whether such abandonment was induced in consideration of payment or part payment of their claims.

The discharge of the bankrupt will accordingly be withheld until the further report of the referee on the questions now submitted to him.