## In re LEVY.

### Appeal of SOL WOLK & SONS.

### No. 7913.

Circuit Court of Appeals, Third Circuit.

Argued March 16, 1942.

Decided March 26, 1942.

Abraham Herman, of Pittsburgh, Pa., for appellant.

Joseph W. Ray, Jr., of Uniontown, Pa. (Shelby, Ray & Coldren, of Uniontown, Pa., on the brief), for appellee.

Before MARIS, CLARK, and JONES, Circuit Judges.

CLARK, Circuit Judge.

We interfere in the case at bar with reluctance. The more so because those of us who have had experience as District

Judges know to our sorrow that the atmosphere of the bankruptcy court creates a justifiable impatience with all the participants in an aura where sordid practice often perverts the benign theory of the Act. We feel, however, that the learned District Judge abused his discretion in revoking his own order.

■ The original order was accorded to the appellant who is a creditor of the appellee bankrupt. That creditor asked for and was given by the order further time to file specifications of objections to the bankrupt's discharge. The application therefor was made to the District Court at Pittsburgh. The Referee to whom the case had been referred had his offices, both official and personal, at Uniontown, fifty miles away. The application for the extension was made on the day a previously granted extension expired. By concession, the District Judges and the Referees have coordinate powers in the matter of such extensions. The word "Court" in the Act is so construed.[1]

The reason that the request for time was made so much at the last minute was this. As interpreted by the Act,[2] the creditors at their first meeting selected a committee of nine of their number. This committee acting on audits of the bankrupt's (a clothing merchant) books filed a petition for a turn-over order. This petition asserted that the appellee had withdrawn chattels of $32,278.82 and cash of $10,555.90, from the assets of his business. On this petition the Referee ordered him to show cause why he should not give back the property that belonged to his creditors and not to him.

There ensued the not infrequent and never very encouraging dickerings between the bankrupt and the creditors' committee. During their progress, the Referee extended the time to file objections to discharge. Thereupon occurred a distinctly unpleasant episode. Another clothing merchant decided that he wished to employ the bankrupt in managing one of his chain of stores. Whether he approved the bankrupt's type of supervision as exemplified in this record does not appear. At any rate, he knew that even as a clothing merchant an undischarged bankrupt would experience certain difficulties. Accordingly he offered to compromise the turn-over proceeding for $5,000 on condition that there be no opposition to the discharge.

Ensuing upon this offer the learned District Judge signed the order from which this appeal is taken. It revoked his previous order and ex post facto ruled the appellant creditor out of time. The grounds assigned for this change of front are two: That the creditor should not have relied on the promise of the creditors' committee to file specifications of objections and that the application for extension should have been made to the Referee and not to the District Judge. In our opinion these reasons will not bear analysis and so neither they nor any other will justify the order.

■ Any offer of that character is wholly illegal. The reason is plain. Discharge is not personal to the creditors. It is general to the public and particularly that part of it which constitutes the world of commerce.[3] Persons with undesirable business ethics are not to be turned loose to prey on their fellow merchants. This general protection cannot be waived by particular creditors whose private greed outruns their community spirit. So such a promise has been held insufficient to support a suit.[4] Furthermore and more significant, it is cause for the revocation of a discharge already granted.[5]

■ The appellant was therefore quite entitled to assume that the committee elected to look after his true interests would not thus betray him. There is, of

[1] 11 U.S.C.A. § 1(9). See In re Williams Supply Co., 2 Cir., 77 F.2d 909, certiorari denied, sub nomine Witt v. Berman, 296 U.S. 612, 56 S.Ct. 131, 80 L.Ed. 434.

[2] 11 U.S.C.A. § 91.

[3] A discharge is granted to an honest bankrupt in order that he may reinstate himself in the business world; it is refused to a dishonest bankrupt to prevent continuance of his frauds in the future. See Williams v. United States Fidelity & Guaranty Co., 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713; In re Hammerstein, 2 Cir., 189 F. 37; Douglas, Some Functional Aspects of Bankruptcy, 41 Yale Law Journal 328. For similar expressions in the English law see Williams' Bankruptcy Practice sec. 26; Ringwood's Bankruptcy Law, Chapter XIV.

[4] Coates v. Blush, Mass., 1 Cush. 564; Marble v. Grant, 73 Me. 423; Austin v. Markham, 44 Ga. 161.

[5] In re Dietz, D.C., 97 F. 563; In re Sanborn, D.C., 131 F. 397.

course, nothing at all in the suggestion that the application should have been made to this Referee. As we have said, the law is quite otherwise.[6] Even if there had been, the applicant creditor has been misled. He was granted an order permitting delay by one judicial officer sitting at Pittsburgh. If that officer were not proper, he still had time to correct the misunderstanding by proceeding to the situs (at Uniontown) of the one later held to be the right one.

The order of the District Judge is reversed.