**In re Steven William TAYLOR,**
**SS# 372–64–5713, Debtor.**

**Bankruptcy No. 93–20922–SBB.**

United States Bankruptcy Court,
District of Colorado.

Dec. 21, 1995.

Steven William Taylor, Longmont, CO, pro se.

Tony Link, Boulder, CO, for Katherine Taylor.

Leo M. Weiss, Office of the U.S. Trustee, Denver, CO.

M. Steven Peters, Former Chapter 7 Trustee, Wheat Ridge, CO.

## ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on the following documents:

1. "Joint Motion for Approval of Settlement Agreement and Stipulation" filed by the Debtor and Katherine R. Taylor on August 31, 1995; and

2. "United States Trustee's Objection to the Proposed Settlement Agreement of Adversary Proceeding # 94–1674 MSK and Stipulation Between Katherine R. Taylor, a Creditor and Steven William Taylor, the Debtor and United States Trustee's Request for Entry of an Order Requiring the Appointment of a Chapter 7 Trustee in the Reopened Case" filed September 25, 1995.

The Court, having reviewed the file, conducted a hearing on the matter, and being fully advised in the premises, makes the following

findings of fact, conclusions of law, and enters the following Order.

The issue, generally, which this Court must decide is whether a creditor may unilaterally agree to dismiss claims against a debtor under Section 727 of the Bankruptcy Code in exchange for payments made to the creditor. Stated another way, may a debtor obtain a settlement and dismissal of a creditor's claim under Section 727 by agreeing to pay all, or a portion, of the creditor's claim.

■■■ This Court concludes that a creditor may not, unilaterally, agree to dismiss claims under Section 727 in exchange for payments made to the creditor. Notice to creditors and the Trustee, Court approval, and a Court determination that such an agreement is in the best interests of the Estate and proper under the circumstances, is necessary for settlement and dismissal of a Section 727 claim.

■■ In this case, the Court has been asked to approve a settlement agreement in a re-opened, no-asset Chapter 7 case. The plaintiff, an unscheduled creditor and the Debtor's mother, has agreed to accept $5,000.00 to dispose of a claim for relief under 11 U.S.C. § 727(d)(1), revocation of discharge (Adversary Proceeding No. 94–1674–MSK). The United States Trustee, acting in the absence of an appointed Chapter 7 trustee, objects to the settlement on policy grounds. This Court agrees with the U.S. Trustee and finds that the proposed settlement may not be fair, equitable, or in the best interests of the Estate. This Court will not approve the settlement absent the re-appointment of a Chapter 7 trustee and fair notice and sufficient opportunity for either the Trustee or any creditor to object to and intervene on behalf of the Estate and thereby take up the burden of advancing the Section 727 discharge revocation action.

**FINDINGS OF FACT**

1. The within case was commenced by the filing of a Voluntary Petition pursuant to Chapter 7 of the Bankruptcy Code on October 7, 1993. It is uncontested that the Debtor, for whatever reason, did not schedule Katherine R. Taylor, his mother, as a creditor.[1]

2. A meeting of creditors was conducted, pursuant to 11 U.S.C. § 341, on November 19, 1993. On November 22, 1993, the Chapter 7 Trustee filed a Report of No Distribution. The Court entered a Discharge of Debtor on January 26, 1994 and the case was closed by the Clerk of the Bankruptcy Court on February 4, 1994. The Chapter 7 Trustee was, accordingly, discharged of his duties.

3. On November 25, 1994, Katherine R. Taylor commenced Adversary Proceeding Number 94–1674–MSK, denominated *Katherine R. Taylor v. Steven William Taylor*, before another Division of this Court. The action was premised upon several subsections of 11 U.S.C. § 523[2] and upon 11 U.S.C. § 727(d)(1), revocation of discharge.

4. Briefly stated, Ms. Taylor asserts that her son, a stockbroker, through a series of personal loans, speculative stock transactions, alleged embezzlement, conversion of personal property, and verbal abuse, resulted in debts and actual damages in the aggregate amount of $96,350.00, a debt which, neither by name, nature, nor amount, was disclosed by the Debtor prior to discharge and prior to the bringing of the revocation action.

5. The parties subsequently agreed between themselves to settle their dispute by the payment of the sum of $5,000.00 to the Plaintiff, Katherine R. Taylor, and, on August 31, 1995, filed a motion for the within case to be reopened to consider the approval of the settlement/stipulation on notice to all creditors. This Court reopened the within case on September 5, 1995. In accordance with Rule 5010, Fed.R.Bankr.P. a Chapter 7

---

**1.** It appears that the Debtor owes Katherine R. Taylor a total of $96,350.00 for various causes of action and personal loans, certain of which were evidenced by promissory notes which were not recorded against the Debtor's property.

**2.** By way of a Memorandum Opinion and Order entered May 2, 1995, the Honorable Marcia S. Krieger dismissed the portion of the Complaint based upon 11 U.S.C. § 523 (Counts A, I through XIV), leaving only Count B (Section 727(d)(1)).

trustee has not been appointed in the reopened case.

6. The United States Trustee's objection states that the settlement/stipulation "raises public policy concerns which should be reviewed by a Chapter 7 trustee."

7. Generally, the U.S. Trustee argues that unilateral dismissal of Section 727 discharge litigation by a creditor, in exchange for a payment by the debtor to the creditor, should not be permitted because (a) it allows a debtor to "buy" a settlement of allegations that the debtor acted fraudulently with respect to his/her bankruptcy case, and (b) a trustee and other creditors should first have an opportunity to fully review the settlement and allegations of wrongdoing, and if appropriate, pursue the discharge litigation to protect the integrity of the bankruptcy system and the creditors' claims.

### DISCUSSION

8. Congress intended to provide a "fresh start" only for honest debtors. This Court has previously made the general observation that

> Section 727 is the gatekeeper for allowing only honest debtors the extraordinary relief afforded by the Bankruptcy Code. It is a guardian of the bankruptcy system; it proscribes dishonest, deceptive, and disingenuous debtor conduct that is part of or related to the bankruptcy system; it upholds the integrity and stature of the bankruptcy process.

*In re Hiller,* 179 B.R. 253, 261 (Bankr. D.Colo.1994).

9. In bringing a dischargeability proceeding under Section 523(a) a creditor seeks to collect only its own debt.

> On the other hand, in joining an objection to discharge under [Section] 727(a), a private creditor assumes something of the role of a trustee. Section 727(a) is directed toward protecting the integrity of the bankruptcy system by denying discharge to debtors who engage in objectionable

conduct that is of a magnitude and effect broader and more pervasive than a fraud on, or injury to, a single creditor.

*In re Harrison,* 71 B.R. 457, 459 (Bankr. D.Minn.1987). *Accord, In re Levy,* 127 F.2d 62, 63 (3rd Cir.1942).

Because of their different nature, actions brought under Sections 523 and 727 are "in essence separate lawsuits even though they may be pleaded jointly in the same complaint." *Harrison, supra,* at 459.

10. When bringing a complaint objecting to discharge, a creditor becomes, in effect, the trustee of that action as it inures to the benefit of all creditors. "A creditor's withdrawal of an objection to discharge, therefore, is a unilateral act which affects the entire class of creditors." *In re Joseph,* 121 B.R. 679, 682 (Bankr.N.D.N.Y.1990). A creditor "should not be permitted to abdicate those responsibilities by sacrificing the potential benefits it might win for the general creditor body in order to obtain a private benefit solely for itself. *Matter of Krizmanich,* 139 B.R. 456, 459 (Bankr.N.D.Ind. 1992). The general protection [available to all creditors] cannot be waived by particular creditors whose private greed outruns their community spirit." *Levy, supra,* at 63.

11. This Court derives its authority to approve settlements from Rule 9019(a), Fed. R.Bankr.P., which provides that "[o]n motion ... and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustee as provided in Rule 2002 and to any other entity as the court may direct."

12. In particular, a complaint objecting to a debtor's discharge "shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper." Rule 7041, Fed.R.Bankr.P.[3]

---

**3.** It must be noted that Rule 7041, Fed.R.Bankr. P., which specifically addresses complaints objecting to discharge, does not clearly authorize settlement (whereby something of value is given and received). It allows for dismissal of a com-

plaint, rather than compromise. *See, e.g., In re Nicolosi,* 86 B.R. 882, 887 (Bankr.W.D.La.1988). Indeed, it is arguable that it may be improper or even illegal for a debtor to offer or for a creditor to receive any consideration for the dismissal of

13. Implicit in Rule 7041 is the exercise of judicial discretion. *Matter of AWECO, Inc.,* 725 F.2d 293, 297–298, *reh'g den'd,* 732 F.2d 941 (5th Cir.), *cert. den'd,* 469 U.S. 880, 105 S.Ct. 244, 83 L.Ed.2d 182 (1984). The Court's decision to approve a settlement must be an informed one, however, based upon an objective evaluation of the developed facts. *In re Kaiser Steel Corp.,* 105 B.R. 971, 976 (D.Colo.1989). Indeed, the "duty of a bankruptcy judge to reach an 'intelligent, objective and educated evaluation' of settlements cannot be carried out absent a sufficient factual background." *AWECO, supra,* at 299 (quoting *Matter of Jackson Brewing Co.,* 624 F.2d 599, 602 (5th Cir.1980)).

14. While private parties may settle their controversies on any terms which may be mutually satisfactory, this is not necessarily the case in the bankruptcy context. "Consequently, the terms of any settlement require 'some more reasonable basis than expediency and the desire to terminate complex and troublesome litigation....'" *Matter of Egolf,* 102 B.R. 706, 710 (Bankr. N.D.Ind.1989) (quoting *In re Chicago Rapid Transit, Co.,* 196 F.2d 484, 490 (7th Cir. 1952)).

15. In the instant case, it appears evident that, rather than being founded upon a dispassionate and analytical evaluation of the conflicting claims, risks and rewards, the current settlement involves nothing more than generating whatever amount of money would be required to persuade Ms. Davis to abandon further interest or participation in the proceeding. It is more in the nature of "a general armistice, under which the [Debtor is] buying eternal peace" with his mother. *Egolf, supra,* at 710.

16. When considering settlements, "the court must act independently, out of its own initiative, for the benefit of all creditors. This obligation prevails even where the creditors are silent." *Matter of Boston & Providence R.R. Corp.,* 673 F.2d 11, 13 (1st Cir. 1982).

17. The standards by which this Court must evaluate a proposed settlement have been stated as follows:

> In general, the court must determine whether the settlement is fair and equitable and in the best interests of the estate. (citations omitted). To make this determination, the court should consider the probable success of the litigation in the merits, any potential difficulty in collection of a judgment, the complexity and expense of the litigation and the interests of creditors in deference to their reasonable views. (citations omitted).

> *Kaiser Steel, supra,* at 976. *Accord, In re Blue Coal Corp.,* 47 B.R. 758, 762 (Bankr. M.D.Pa.1985).

18. Equally important, perhaps, is full disclosure, particularly of consideration promised or given to the creditor for withdrawing the objection to discharge, so that parties in interest have equal access to information regarding the assets, liabilities, and claims against a debtor. *Joseph, supra,* at 681.

> The solution found by other courts to th[e] tension between vindication of the public interest in upholding the policies behind [Section] 727, and the public interest in fostering the peaceful, just, speedy and inexpensive resolution of disputes, is to (1) provide notice and full disclosure of the terms of such agreements between the

a complaint objecting to discharge. *Nicolosi, supra,* at 888. 18 U.S.C. § 152 (subjects to criminal penalties "whoever knowingly and fraudulently gives, offers, receives or attempts to obtain any money or property, remuneration, compensation, reward, advantage, or promise thereof, for acting or forebearing to act in any case under Title 11."). *See, In re Moore,* 50 B.R. 661, 664 (Bankr.E.D.Tenn.1985) ("Under no circumstances, not even where the intent is innocent, may a debtor purchase a repose from objections to discharge. A discharge in bankruptcy depends on the debtor's conduct; it is not an object

of bargain."). *But, see, In re Vickers,* 176 B.R. 287, 290 (Bankr.N.D.Ga.1994) (*dicta* suggests that a creditor may seek to dismiss a Section 727 count in exchange for the settlement of a viable Section 523 count, where the trustee and other creditors are notified and given the opportunity to take up the discharge action but fail to do so); *In re Margolin,* 135 B.R. 671 (Bankr.D.Colo. 1992); *In re Short,* 60 B.R. 951 (Bankr.M.D.La. 1986) (allowing the dismissal of two Section 727 actions, post-judgment, during the appeals, upon adequate notice to creditors, setting forth adequate disclosure of any consideration promised).

original complaining creditor and debtor to all parties in interest; and (2) to allow other creditors and/or the trustee to intervene or be substituted for the original complaining creditor in order to prosecute the [Section] 727 complaint.

*In re Margolin,* 135 B.R. 671, 673 (Bankr. D.Colo.1992).

19. The leading case in this District, on the issue of settling or dismissing Section 727 Complaints, is *Margolin, supra.* In *Margolin,* the Honorable Roland J. Brumbaugh allowed dismissal of claims asserted by a creditor under Section 727 over the objection of the trustee. The trustee wanted to compel a Bank/creditor to continue pursuing its Section 727 discharge claim against the debtor in "a fiduciary role as to all other creditors" and because the trustee had refrained from commencing such an action in reliance on the Bank/creditor doing so.

20. This Court agrees with the rationale and outcome of *Margolin,* however, the instant case differs from *Margolin* in two substantial and important areas, thus necessitating a different result. The Court in *Margolin* was presented with a situation where, based upon the information garnered during discovery, the Court "doubt[ed] that counsel for the Bank could now ethically prosecute the § 727 complaint." *Margolin, supra* at 673. Moreover, when presented with the opportunity to take over the prosecution of the action, the trustee in *Margolin* did not "accept[ ] the offer, nor has she sought to intervene or be substituted for the Bank in the adversary case. Rather, the Trustee insists that the Bank be forced to continue prosecuting the § 727 action." *Margolin, supra* at 673. Judge Brumbaugh properly approved of the settlement on the basis that (a) there was no way for the Bank to ethically prosecute the § 727 claim, and (b) neither any creditor nor the trustee volunteered to undertake the action and pursue the Section 727 claim; they just wanted to compel the Bank to do so.

21. In the instant case, however, neither any creditor (other than Ms. Turner) nor a trustee has had the opportunity to investigate the Section 727 claims set forth in the Complaint. Therefore, the Court is not faced with a situation where pursuit of an action might be ethically barred. In fact, based upon the limited information presented, this Court believes that the opposite may be true, that is, that familial loyalty may have skewed the Plaintiff's decision to settle a legitimate claim.

22. Finally, and unlike *Margolin,* due in part to the procedural posture of this case, no other party, particularly a trustee, has been given the opportunity to intervene and take over prosecution of the action in the Plaintiff's stead. This case is far different from the situation presented by either *Margolin* or similar cases where parties have sought to impress a form of indentured servitude upon an original plaintiff to an action based upon a perceived fiduciary duty created solely by the presentation of a Section 727 action.

23. The within settlement is simply premature. This Court should allow the appointment, or re-appointment of the former trustee in this case to examine the issue and proceed with the claim, if appropriate.[4] Moreover, adequate notice should be given to creditors of the basis of both the Complaint and the compromise, to allow any creditor who desires to intervene, on its own behalf, and on behalf of the remainder of the creditor body, and to advise the Court on this issue. *See, generally, In re Chalasani,* 187 B.R. 67 (Bankr.E.D.N.Y.1995) (allowing intervention by a creditor for the limited purpose of filing a motion for amendment of judgment to properly reflect the relief requested in the action included Section 727).

Accordingly, it is

ORDERED that the Joint Motion for Approval of Settlement Agreement and Stipulation filed by the Debtor and Katherine R. Taylor on August 31, 1995 is DENIED. And it is

FURTHER ORDERED that the United States Trustee's Request for Entry of an Order Requiring the Appointment of a Chap-

---

4. The former Trustee, Steven Peters, appeared at the hearing before this Court and volunteered to be re-appointed to evaluate the pending claims against the Debtor under Section 727.

419

ter 7 Trustee in the Reopened Case filed September 25, 1995 is GRANTED.