**In re William MAVRODE, Debtor.**

**Edward and Beverly TINDALL, Co–Plaintiffs,**

**v.**

**William MAVRODE, Defendant.**

**Bankruptcy No. 95–33437.
Adversary No. 95–3312.**

United States Bankruptcy Court,
D. New Jersey.

March 3, 1997.

Ross & Hardies, Helen Davis Chaitman, Kate T. Gallagher, Somerset, NJ, for co-plaintiffs, Edward and Beverly Tindall.

Teich Groh & Frost, Barry W. Frost, Trenton, NJ, for debtor and co-defendant, William Mavrode.

## OPINION

WILLIAM H. GINDIN, Chief Judge.

### PROCEDURAL HISTORY

This matter comes before the court as a joint motion by debtor and plaintiffs to approve settlement of plaintiffs' complaint filed against debtor, William Mavrode ("debtor"), pursuant to 11 U.S.C. § 727.

On May 15, 1995, debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* Plaintiffs, Edward and Beverly Tindall ("plaintiffs"), filed an adversary complaint on July 26, 1995 pursuant to 11 U.S.C. § 727(a)(4)(A) seeking to bar the discharge debtor was to receive under 11 U.S.C. § 727 for failing to schedule restaurant equipment and fixtures in debtor's possession. Subsequently, debtor filed an amended schedule, including the machinery and fixtures as property of the estate. Debtor and plaintiffs agree to settle the complaint and look to the court to approve the settlement. The court raised the issue whether it was appropriate to settle a complaint seeking to deny a discharge and directed the parties to file supplemental briefs. Counsel for plaintiffs filed a brief on October 21, 1996.

The bankruptcy court has jurisdiction to approve the settlement pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. §§ 157(b)(2)(A), (J), and (O).

## FACTS

Plaintiffs obtained a judgment against the debtor in the Superior Court of New Jersey, Hunterdon County on January 6, 1996 in the amount of $30,671.00 plus interest.

The schedules to debtor's bankruptcy petition incorrectly claimed that debtor did not own any machinery, fixtures or equipment. The plaintiffs, having knowledge that the debtor was in possession of such equipment, filed an adversary complaint against the debtor, pursuant to 11 U.S.C. § 727(a)(4)(A) for making a false oath by failing to schedule the machinery and equipment as property of the estate. Subsequently, debtor filed an amended schedule identifying the machinery and fixtures in his possession. In his certification in support of the settlement, debtor contended that he had a meritorious defense to the complaint.

To avoid the expense and risk of litigation, the plaintiffs and the debtor agreed to settle both the objection to discharge and the plaintiff's claim. In furtherance of that settlement, the debtor's son would supply the funds to pay the plaintiffs $15,000, over a period of nine months, and the plaintiffs would dismiss their complaint. All funds would be non-estate funds. The trustee and the creditors were served with notice of the settlement. No party has objected to the settlement or requested to be substituted as the plaintiff in this matter.

## DISCUSSION

### Approving Settlement under Rule 9019

▮▮▮ Settlements are generally favored in bankruptcy proceedings, in that they provide for an often needed and efficient resolution of the bankruptcy case. *In the Matter of Penn Cent. Transp. Co.*, 596 F.2d 1102, 1113 (3d Cir.1979). Under Rule 9019 of the Federal Rules of Bankruptcy Procedure, the bankruptcy court is expressly given the authority to approve a proposed compromise or settlement. Rule 9019(a) provides, "[o]n motion by the *trustee* and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the

debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Fed.R.Bankr.P. 9019 (emphasis added). Although Fed.R.Bankr.P. 9019(a), requires that the trustee bring the motion for approval of settlement, that criteria is not warranted in this case. The trustee has been provided ample notice of the proposed settlement and has chosen not to file any opposition. Furthermore, this court finds *infra* p. 7–8, that no harm will befall the other creditors as a result of the settlement. Since there is no impact on the assets of the estate, the trustee's function is not being usurped. Moreover the trustee is not a necessary party to the settlement.

### Settlement of a § 727 Complaint

Although the courts have recognized that settlements are an important part of resolving a bankruptcy case,[1] there is disagreement whether, as a matter of public policy, settlements of § 727 complaints should ever be allowed. *In re Wilson*, 196 B.R. 777, 779 (Bankr.N.D.Ohio 1996) (settlement of § 727 complaints never allowed); *In re Margolin*, 135 B.R. 671, 673 (Bankr.D.Colo.1992) (approved settlement of § 727 complaint); *In re Corban*, 71 B.R. 327, 329 (Bankr.M.D.La. 1987) (same); *In re Taylor*, 190 B.R. 413, 417–18 (Bankr.D.Colo.1995) (settlement of § 727 complaint allowed, but particular settlement not approved because terms of that agreement were not in best interests of the estate); *In re Speece*, 159 B.R. 314, 317 (Bankr.E.D.Cal.1993) (same); *In re Nicolosi*, 86 B.R. 882, 888 (Bankr.W.D.La.1988) (settlements of § 727 complaints are allowed, but particular settlement was denied because discharge was already denied in previous ruling); *In re Chalasani*, 92 F.3d 1300, 1310–11 (2d Cir.1996) (approved default judgment which did not grant relief of § 727 complaint).

The majority view holds that § 727 complaints should be settled only in limited circumstances. This court has found no specific cases with respect to this issue in the Third Circuit. The court is persuaded by the reasoning of the majority view. This position is

---

1. *In the Matter of Penn Cent. Transp. Co.*, 596 F.2d 1102, 1113 (3d Cir.1979).

in accord with the Third Circuit's policy favoring settlement. *In the Matter of Penn Cent. Transp. Co.*, 596 F.2d at 1113.

The difficulty with approving settlements of § 727 complaints, as noted by the Second Circuit is that:

> Bankruptcy courts share the concern that there be no "taint of compromise" involved in the dismissal of a § 727 action ... Because discharge is a statutory right undergirded by public policy considerations, it is not a proper subject for negotiation and the exchange of a *quid pro quo*.... And, the dismissal of a complaint seeking § 727 relief often harms an entire class of creditors.

*In re Chalasani*, 92 F.3d at 1310 (citations omitted).

 Furthermore, the discharge in bankruptcy was intended to provide a fresh start, only for the "honest debtor." *In re Speece*, 159 B.R. at 317; *In re Nicolosi*, 86 B.R. at 888; *In re Wilson*, 196 B.R. at 779. That being so, the importance of § 727 is that it provides a prohibition of discharge to dishonest debtors, thereby protecting the interest of the creditors. *In re Chalasani*, 92 F.3d at 1308; *see also* 11 U.S.C. § 727. Therefore, a § 727 complaint is intended to alert the court to any wrongdoing on the part of the debtor, while allowing the creditor to protect his interest.

Balanced against those concerns is the harsh punishment extracted by § 727 against the debtor with its blanket prohibition against discharge. The courts have thus recognized that denial of discharge under § 727 clearly results in "an extreme penalty for wrongdoing." *In re Chalasani*, 92 F.3d at 1310. The majority of courts have found that the severe penalty imposed under § 727 warrants that a complaint under § 727 be "construed strictly against those who object to the debtor's discharge and liberally in favor of the bankrupt." *Id.*

 To accommodate the competing interests of the creditors and the debtor in settlement of § 727 complaints, the bankruptcy court must use its discrete judgment in determining whether to approve the settlement. As is discussed below, the bankruptcy court does not merely "red stamp" settlement agreements, but rather must apply a four part test to determine whether the compromise is fair and equitable under Fed. R.Bankr.P. 9019(a). *See, e.g., Matter of W.T. Grant Co.*, 4 B.R. 53, 69 (Bankr.S.D.N.Y. 1980), *affirmed* 20 B.R. 186 (S.D.N.Y.1982), *affirmed* 699 F.2d 599 (2d Cir.1983), *cert. denied sub nom., Cosoff v. Rodman*, 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983). Inherent in such test is a consideration of the interest of the creditors. *In re Speece*, 159 B.R. at 317. Such an approach would alleviate many of the concerns in settling § 727 complaints, that the creditor body would be harmed.

 In addition, the bankruptcy court has the power under Fed.R.Bankr.P. 7041, in dismissing the § 727 complaint, to condition the dismissal on such terms that will "prevent tainted compromise." *In re Chalasani*, 92 F.3d at 1313. Accordingly, the bankruptcy court may, "fashion case-appropriate remedies." *Id.* at 1312–13. Therefore, the court should not disapprove a settlement merely because a complaint has been filed, but should use its discrete judgment in approving a settlement. *In re A & C Properties*, 784 F.2d 1377, 1381–82 (9th Cir.1985), *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed.2d 122 (1986).

 Upon review of the facts of this case, the creditor body will not be harmed by settlement. To the contrary, the assets available to the creditors will be increased by the elimination of plaintiffs' claim through non-estate (Mr. Mavrode's son) funds. Further litigation may result in delay and possible depletion of the assets of the estate and a subsequent harm to the other creditors. In Chapter 7 proceedings, liquidation is to be accomplished as rapidly as possible consistent with "obtaining the best possible realization upon the available assets and without undue waste by needless or fruitless litigation." *In re Heissinger Resources Ltd.*, 67 B.R. 378, 381 (C.D.Ill.1986). Finally, it is not clear whether the debtor's failure to acknowledge possession of the fixtures and equipment was clearly a *fraudulent* attempt of the debtor to hide the property from his creditors. There is no guarantee that the plain-

tiffs will succeed on their complaint. Debtor contends that he has a meritorious defense and this court is unwilling to prejudge debtor's position without a trial. The purpose of settlements is to "allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *In re A & C Properties,* 784 F.2d at 1380.

This court finds therefore that it is inappropriate to deny *carte blanche* any and all attempts to settle § 727 complaints. In particular, this court determines that this settlement should not be summarily denied as the entire creditor body will be benefitted by the settlement and not just the settling parties. The court will thus apply the standard for approval of a settlement to the facts of this case.

### Standard for Approval of Settlement

■ In deciding whether or not to approve the settlement, the court must determine "whether the proposed settlement is in the best interest of the estate." *Matter of W.T. Grant Co.,* 4 B.R. 53, 69 (Bankr. S.D.N.Y.1980), *affirmed* 20 B.R. 186 (S.D.N.Y.1982), *affirmed* 699 F.2d 599 (2d Cir.1983), *cert. denied sub nom. Cosoff v. Rodman,* 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983); *In re Hydronic Enterprise, Inc.,* 58 B.R. 363, 365 (Bankr.D.R.I. 1986); *In re Taylor,* 190 B.R. 413, 417 (Bankr.D.Colo.1995).

■ In determining whether a proposed settlement is in the best interest of the estate, the courts have commonly recognized that the settlement must be "fair and equitable." *In re Woodson,* 839 F.2d 610, 620 (9th Cir.1988); *In re A & C Properties,* 784 F.2d 1377, 1380–81 (9th Cir.1986); *In re Speece,* 159 B.R. 314, 317 (Bankr.E.D.Cal.1993); *In re Taylor,* 190 B.R. at 417. Under the fair and equitable standard, the court looks to: (a) the probability of success in litigation; (b) the difficulties in collection; (c) complexity, expense, inconvenience, and delay attendant to continued litigation; and (d) the interest of the creditors. *In re A & C Properties,* 784

F.2d at 1381; *In re Woodson,* 839 F.2d at 620; *In re Speece,* 159 B.R. at 317. In applying the above test, the interest of creditors is paramount. *In re Speece,* 159 B.R. at 317.

■ Application of the fair and equitable standard to the present case reveals that it is in the best interest of the estate and the creditors to approve the proposed settlement. While it may appear that the plaintiff will be successful there is no guarantee that the plaintiffs will, in fact, prevail in the litigation. The plaintiffs assert, under § 727(a)(4)(A), that the debtor made a false oath that he did not possess any fixtures or equipment, and failed to list them in the schedules, for which debtor claims to have a meritorious defense. As noted earlier it is not clear in this case, that the debtor's failure to acknowledge possession of the fixtures and equipment was clearly a *fraudulent* attempt of the debtor to hide the property from his creditors.

Since this case involves fraud, a full trial with witnesses would be involved. Such a trial would delay ·consummation of the bankruptcy proceeding and may consume estate assets.[2] Thus, the court is compelled to find that further litigation will result in delay and possible depletion of the assets of the estate and a subsequent harm to the other creditors.

■ As stated above, protecting the interest of the creditors is paramount. *In re Speece,* 159 B.R. at 317. It is the duty of the bankruptcy court to ensure that the proposed settlement will not result in further injury to the other creditors. A proposed settlement will necessarily fail where one creditor benefits at the other creditors' expense. In the present case the plaintiffs will be paid $15,000 over a period of nine months, by the debtor's son. Since the money will be paid not out of the estate, but from a separate outside source, the creditors will not only not be injured by the proposed settlement, but would benefit from it if there were to be a dividend from which the plaintiff's claim would be excluded.

---

**2.** This court takes no position as to whether or not debtor's counsel may be compensated for

defending the § 727 complaint.

### Dismissal of Complaint under Federal Bankruptcy Rule 7041

Fed.R.Bankr.P. 7041 authorizes the bankruptcy court to dismiss a complaint objecting to the debtor's discharge at the plaintiff's instance upon notice to the trustee or such persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper. Fed.R.Bankr.P. 7041. The intention of rule 7041 was not to allow for the dismissal of a complaint in all situations upon the plaintiff's instance, but instead, only at the court's discretion. *In re Kaiser Steel Corp.*, 105 B.R. 971, 976 (Bankr.D.Colo.1989). The courts have recognized that there exists a strong "public policy in upholding the policies behind § 727" as well as "fostering the peaceful, just, speedy and inexpensive resolution of disputes." *In re Margolin*, 135 B.R. 671, 673 (Bankr.D.Colo.1992); *In re Wilson*, 196 B.R. 777, 779 (Bankr.N.D.Ohio 1996); *In re Nicolosi*, 86 B.R. 882, 887 (Bankr.W.D.La.1988).

In an attempt to resolve the countervailing policies the courts have required that the parties must (1) provide notice which discloses the terms and conditions of the proposed settlement to all interested parties; as well as (2) allow the other creditors to intervene and be substituted for the plaintiff in order to continue the litigation of the § 727 complaint. *In re Margolin*, 135 B.R. at 673; *In re Taylor*, 190 B.R. 413, 417–18 (Bankr. D.Colo.1995).

In the present case, the parties have provided notice as well as full disclosure to this court, the interested creditors and the trustee of the proposed settlement. The creditors as well have been afforded ample time to object to the settlement and supplant themselves as plaintiff in order to prosecute the original plaintiffs' claim. Given the fact that the creditors have chosen not to do so, there would be no benefit inured to the estate in requiring further litigation of the claim.

### CONCLUSION

For all of the above reasons, this court finds that the motion to approve the proposed settlement is approved pursuant to Fed.R.Bankr.P. 9019. There is clearly a benefit from the settlement to all parties involved. Accordingly, the adversary proceeding is dismissed pursuant to Fed. R.Bankr.P. 7041. Counsel for plaintiffs shall submit an order consistent with this opinion within ten days.