**In re David and Marie HECHT, Debtors.**

**Chemical Bank, Plaintiff,**

**v.**

**David and Marie Hecht, Defendants.**

**Bankruptcy No. 94–52263.**
**Adversary No. 95–5113.**

United States Bankruptcy Court, D. Connecticut.

Aug. 3, 1999.

Andrew DiPietro, Christine M. Bazata, DiPietro & Associates, LLP, New Haven, CT, for David and Marie Hecht.

Randall M. Skigen, Steven Frederick, Wofsey, Rosen, Kweskin, & Kuriansky, Stamford, CT, for Chemical Bank.

## MEMORANDUM AND ORDER

ALAN H.W. SHIFF, Chief Judge.

### BACKGROUND

David and Marie Hecht filed a joint chapter 7 petition on December 21, 1994. This adversary proceeding was commenced by the plaintiff on August 4, 1995, seeking denial of their discharge under § 727(a)(2),(3),(4), and (5). The plaintiff has abandoned the § 727(a)(2) and (4) counts and proceeds under § 727(a)(3) and (5).

Based upon the limited evidence produced at trial, the following facts are adduced. The defendants' principal business prior to bankruptcy was K.D. Richards, Inc. ("KDR, Inc.") a supplier and manufacturer of ribbon. *May 29, 1996 Trial Transcript ("TR")* at 4. David Hecht was an

80% shareholder and president of KDR, Inc. which at various times employed Marie Hecht and the defendants' three children. *Id.* In 1991, K.D. Richards, Ltd. ("KDR, Ltd.") was formed as a subsidiary of KDR, Inc. and, in 1992, was separately incorporated in Great Britain. *Id.* at 13. Each of the defendants and their three children owned a 20% interest in KDR, Ltd. *Id.* The plaintiff loaned KDR, Inc. $723,895, which the defendants personally guaranteed. *TR* at 2. The defendants' financial status is inextricably linked to their businesses.

## DISCUSSION

 A discharge of dischargeable debts is not a right but rather a privilege accorded an honest debtor who, among other things, satisfies bankruptcy statutory obligations. Discharge is denied under § 727 if one of its subsections is proven by a preponderance of the evidence. *See, e.g., McGrath v. Moreau (In re Moreau),* 161 B.R. 742, 745 (Bankr.D.Conn.1993); *Martin v. Key Bank of New York (In re Martin),* 208 B.R. 799, 804 (N.D.N.Y.1997).

 In the context of § 727(a)(3),[1] a debtor is obligated to keep and fully disclose his or her financial affairs. *See State Bank of India v. Chalasani (In re Chalasani),* 92 F.3d 1300, 1309 (2nd Cir.1996) (Pursuant to § 727(a)(3), "the privilege of discharge depends upon the debtor's disclosure of a true and accurate picture of its financial affairs."). When a debtor is engaged in business, he or she is required to keep the books and records that are customarily maintained by businesses. *See In re Halpern,* 387 F.2d 312, 314 (2nd Cir.1968) ("Where the bankrupt . . . is the principal or a truly responsible officer of a corporation, and incurs substantial obli-

gations as a result of corporate activity, he is required to keep books and records.").

 The policy served by the obligation to keep adequate records is to give unsecured and undersecured creditors the ability to trace a debtor's financial history to determine whether they are being treated fairly by a debtor who seeks a discharge from liability on debts. *See Martin,* 208 B.R. at 805. "What constitutes adequate record keeping, 'is a question in each instance of reasonableness in the particular circumstances.' " *Id.* (quoting *Underhill,* 82 F.2d 258, 259–60).

 The initial burden is on the objector to show that material records were concealed, destroyed, or not kept. *Moreau,* 161 B.R. at 746. Once established, the burden shifts to the debtor to present "rebuttal evidence that such act or failure was justified." *Id.*

 The plaintiff offered in evidence the 1992 combined financial statements of KDR, Inc. and KDR, Ltd. which disclosed that KDR, Inc. had equipment and machinery valued at $1,637,221. *See Exhibit B.* The testimony of David Hecht further revealed that the defendants did not keep a specific list of machinery and equipment. *TR* at 106. David Hecht also testified that from 1992 to 1994, KDR, Inc. made various transfers of equipment, inventory, and cash to KDR, Ltd. *TR* at 13–14. David Hecht admitted that there was no record of those transfers. *Id.*

In March 1994, KDR, Inc. ceased operations, and its records were boxed and transferred to a storage facility. The general ledger of KDR, Inc. was not produced as evidence. KDR, Inc.'s remaining machinery and equipment was sold to a third-party for $12,647. The plaintiff, which had a security interest in those assets, did

---

1. Section 727(a)(3) provides that the court shall grant the debtor a discharge, unless— the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case . . .

11 U.S.C. § 727(a)(3) (1994).

consent to the sale. There is no bill of sale for that transaction. *TR* at 32. The proceeds from the sale as well as proceeds from the sale of remaining inventory for $3,500 were given to the plaintiff.

The defendants have failed to justify their failure to keep or produce any business records. David Hecht merely attempted to explain the disparity between the 1992 valuation and the 1994 sale of the machinery and equipment on the basis that the former was based upon a going concern value and the latter was a liquidation sale price.

The plaintiff's examination of David Hecht demonstrated that the defendants also failed to preserve monthly bank statements of their various personal checking accounts. *TR* at 24. Canceled checks that were produced by the defendants revealed expenditures of $187,000 in 1992, *TR* at 36, yet, David Hecht's testimony disclosed that the defendants reported income of $36,000 that year. *Id.* A similar disparity was documented for 1993. In that year, the defendants' expenditures were $151,000 but they reported no income. *Id.* Their personal financial statements for 1993, which the defendants' gave to the plaintiff in connection with their guaranty of a loan to KDR, Inc., however, disclosed a $3.6 million interest in KDR, Inc. *TR* at 25; *Exhibit C.*

The defendants assert that the difference between reported income and expenditures in those years was partially covered by loans made to them by KDR, Inc., and partially due to the sale of a coin collection valued at $300,000 in the defendants' financial statements. According to David Hecht's testimony, his wholly-owned company, Bee Cee Designs, sold the coin collection for $75,000. *TR* at 20–23. The defendants failed to produce any documents regarding the loans or the sale of the coins. *TR* at 36, 19–22.

The plaintiff has established that the defendants failed to keep or preserve business and personal records necessary to trace the defendants' financial history.

The defendants have not produced any evidence to justify or explain that failure.

*Section 727(a)(5)*

A discharge will be denied under § 727(a)(5) if "the debtor has failed to explain satisfactorily ... any loss of assets or deficiency of assets to meet the debtor's liabilities." "An explanation is not satisfactory ... if it is vague, indefinite or uncorroborated." *Id.* (citations omitted).

The plaintiff has satisfied its burden of proof through the testimony of David Hecht who, as noted, offered no records and no credible explanation for the loss of the value of the defendants' interest in their business. Some unrecorded amount of machinery and equipment, valued in 1992 at $1,637,221, was transferred from one of their businesses, KDR, Inc., to the other, KDR, LTD, and the unknown remaining machinery and equipment was sold for $12,647 in 1994. Similarly David Hecht's personal coin collection valued in 1993 at $300,000 was sold for $75,000 in 1994. There is no record of the sale, i.e, a description of what was sold, to whom, and when. And there was no explanation of why the asset shrunk in value by 75%.

### ORDER

Accordingly, the debtors' discharge is DENIED; and

IT IS SO ORDERED.