**In re Karl Don STOUT, Debtor.**

**Pennwell Printing Company, Plaintiff,**

v.

**Karl Don Stout, Defendant.**

**Bankruptcy No. 00–14884 MSK.
Adversary No. 00–1351 ABC.**

United States Bankruptcy Court,
D. Colorado.

May 21, 2001.

James L. Aab, Denver, CO, for debtor.

## OPINION AND ORDER

A. BRUCE CAMPBELL, Bankruptcy Judge.

This matter is before the Court on the Motion for Entry of Order Approving and Adopting Settlement Stipulation and for Dismissal With Prejudice of Section 727(a)(4) Claims ("Motion"), filed by Penn-

well Printing Company ("Pennwell"). The Motion has been objected to by the United States Trustee ("U.S. Trustee"). For the reasons stated below, the U.S. Trustee's objection is sustained, this Motion is denied, and the Court declines to approve the Settlement Stipulation between Pennwell and Karl Don Stout ("Debtor").

This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(b), as a civil proceeding arising under title 11. Pursuant to 28 U.S.C. § 157(b)(2)(J), this is a core proceeding.

Pennwell is plaintiff in this adversary proceeding that was filed on July 26, 2000, and which sought denial of Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2) and (4). Shortly before trial, Pennwell and the Debtor entered into a Settlement Stipulation ("Stipulation") which would dispose of this adversary proceeding. Under the terms of the Stipulation, the Debtor is to pay Pennwell $3,250.00, without interest, within sixty days of the order approving the Stipulation. In turn, Pennwell agrees to dismiss its section 727(a)(4) objection to discharge and to accept such sum in full satisfaction of Pennwell's claims against the Debtor, his spouse, and all businesses in which the Debtor has been involved. Upon Debtor's timely payment of the $3,250.00, Pennwell agrees to dismiss the remaining section 727(a)(2) claim in this adversary proceeding. If the Debtor fails to make the $3,250.00 payment to Pennwell timely, Pennwell is to receive judgment from this Court denying the Debtor his discharge pursuant to section 727(a)(2).

In accordance with Fed.R.Bankr.P. 7041 [1] ("Rule 7041"), this Court sent notice of the Stipulation to the U.S. Trustee, the trustee in the Debtor's bankruptcy case,

---

**1.** Federal Rule of Bankruptcy Procedure 7041 states:

Rule 41 F.R.Civ.P. applies in adversary proceedings, except that a complaint objecting

to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court

and to all creditors in the underlying bankruptcy case. It also set the matter for oral argument. The U.S. Trustee filed an objection to the Stipulation as violative of public policy. Relying on *In re Taylor*, 190 B.R. 413, 418 (Bankr.D.Colo.1995), the U.S. Trustee seeks to intervene to prosecute Pennwell's section 727(a)(2) discharge objection in the event the Court declines to approve the Stipulation and Pennwell no longer wishes to pursue its discharge objection.

*Settlement of Section 727(a) Complaints*

 Pennwell's Motion and this Stipulation squarely present the question that can arise when a creditor objects to a debtor's discharge under section 727(c)(1). Can such discharge litigation be settled and the subject adversary proceeding dismissed in exchange for consideration paid by the debtor to the creditor-plaintiff?[2] This Court holds that such a settlement cannot be approved and cannot be "deem[ed] proper" under Rule 7041.

Under slightly different circumstances, a revocation of discharge complaint, this Court addressed the same question and similarly answered it. *In re Taylor*, 190 B.R. 413 (Bankr.D.Colo.1995). In *Taylor*, the court was presented with a request to approve a settlement dismissing the section 727(d)(1) revocation complaint in exchange for payments made to the debtor. In refusing this request, Judge Brooks notes that:

> When bringing a complaint objecting to discharge, a creditor becomes, in ef-

fect, the trustee of that action as it inures to the benefit of all creditors.... A creditor "should not be permitted to abdicate those responsibilities by sacrificing the potential benefits it might win for the general creditor body in order to obtain a private benefit solely for itself. *Matter of Krizmanich*, 139 B.R. 456, 459 (Bankr.N.D.Ind.1992)...." *In re Levy*, 127 F.2d 62, 63 (3rd Cir.1942).

*In re Taylor*, 190 B.R. at 416.

The Court in *Taylor* further observes that Rule 7041 specifically addresses dismissals, as opposed to settlements, of discharge litigation. It indicates that it is simply improper for a debtor and creditor to horsetrade over discharge:

> Indeed, it is arguable that it may be improper or even illegal for a debtor to offer or for a creditor to receive any consideration for the dismissal of a complaint objecting to discharge.... "Under no circumstance, not even where the intent is innocent, may a debtor purchase a repose from objections to discharge. A discharge in bankruptcy depends on the debtor's conduct; it is not an object of bargain." *In re Moore*, 50 B.R. 661, 664 (Bankr.E.D.Tenn.1985).

*In re Taylor*, 190 B.R. at 416 n. 3. See also *In re Chalasani*, 92 F.3d 1300, 1310 (2nd Cir.1996).

*U.S. Trustee's Request to Intervene*

 In objecting to Pennwell's Motion, the U.S. Trustee requests "the right to intervene" to pursue the section

---

may direct, and only on order of the court containing terms and conditions which the court deems proper.

2. A far more difficult question is presented to the court when it is asked to approve the compromise that resolves a creditor's adversary proceeding which includes claims for relief under both section 523 and section 727. There the court must determine just which

claims are being surrendered in exchange for payment by the debtor to the plaintiff. With respect to the section 523 dischargeability claims, unlike the section 727 discharge claims, the creditor-plaintiff pursues only its own interest, and receipt of consideration in settlement of that interest does not involve questions of public policy. See *In re Margolin*, 135 B.R. 671 (Bankr.D.Colo.1992).

727(a)(2) discharge objection if the Court declines to approve the Stipulation and Pennwell no longer wishes to pursue the litigation. Fed.R.Bankr.P. 4004(a) ("Rule 4004") will not permit this.

Rule 4004(a) mandates that in a Chapter 7 case complaints objecting to discharge must be filed no later than 60 days after the first date set for the section 341(a) creditors' meeting unless the time is extended pursuant to Rule 4004(b). In the instant case these deadlines have long since expired.

The time restrictions of Rule 4004(a) have been treated as strict deadlines. Rule 7041 makes no mention of allowing anyone to avoid these deadlines by intervention or substitution. The Second Circuit Court of Appeals in *In re Chalasani*, 92 F.3d 1300 (2nd Cir.1996), recently declined to expand the deadlines of Rule 4004 and prohibited substitution of plaintiffs following a Rule 7041 notice of a proposed dismissal of discharge litigation. There, the court characterized such substitution as "procedural mechanisms," *id.* at 1311, and "legal fictions," *id.* at 1312, to evade the strict deadlines imposed by Rule 4004. Accordingly, it is hereby

ORDERED that Pennwell's Motion is DENIED, and the U.S. Trustee's objection thereto is sustained; and it is

FURTHER ORDERED that the Stipulation for dismissal of the pending discharge litigation is not approved. At this juncture, Pennwell must choose between prosecuting the discharge litigation it initiated against the Debtor or abandoning that litigation without receipt of consideration from the Debtor; and it is

FURTHER ORDERED that the U.S. Trustee's request to intervene as plaintiff in this adversary case is DENIED.