In re Michael V. BUZZEO, Debtor.

**Burton F. Jones and BFJ,**
**LLC, Plaintiffs,**

**v.**

**Michael V. Buzzeo, Defendant.**

Bankruptcy No. 03–50118 AHWS.
Adversary No. 03–5060.

United States Bankruptcy Court,
D. Connecticut.

Sept. 30, 2004.

**244**

Irve. J. Goldman, Pullman & Comley, LLC, Bridgeport, CT, for the Movant Laura Kall.

Maximo Medina, Jr., Zeldes, Needle & Cooper, Bridgeport, CT, for the Movants James and Marie Balitsos.

Craig I. Lifland, Zeisler & Zeisler, P.C., Bridgeport, CT, for the Respondent/Debtor Michael V. Buzzeo.

## DECISION AND ORDER ON MOTIONS TO INTERVENE

ALAN H. W. SHIFF, Bankruptcy Judge.

The debtor filed this chapter 7 case on January 30, 2003. The first meeting of creditors was scheduled for February 26, 2003, and the last date to object to the debtor's discharge, *see* § 727(a), was April 28, 2003, in the absence of an order extending that bar date. *See* Rule 4004(a)-(b).[1]

On April 28, 2003, the plaintiffs herein filed adversary proceeding 03–5037, seeking a determination that their debt was nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4), & (a)(6) (the " § 523 Proceeding"). A stipulated order entered on August 4, 2003 which extended the time for the plaintiffs to file a § 727 complaint until June 26, 2003. On that date, the plaintiffs commenced this adversary proceeding, seeking to deny the debtor a discharge under 11 U.S.C. §§ 727(a)(2)(A), (a)(3), & (a)(5).

The stipulated order also stayed the prosecution of this adversary proceeding and the § 523 Proceeding pending the resolution of prepetition state court litigation involving the plaintiffs, the debtor, and MVB Custom Design and Construction LLC, an entity with a relationship to the debtor. On March 22, 2004, the chapter 7 trustee moved for approval of a settlement of the prepetition state court actions. On June 2, 2004, an order entered granting that motion, which also provided for the dismissal of the § 523 Proceeding, but made no reference to this § 727 adversary proceeding.

On April 30, 2004, the debtor filed notice that, based on the settlement, the instant adversary proceeding would be dismissed absent a motion to intervene or be substituted. On May 10, 2004, creditors Balistos and Kall (the "Objectors") each filed motions to intervene in order to continue the prosecution of the adversary proceeding.

### Discussion

#### I

While a successful adversary proceeding objecting to the dischargeability of a debt under § 523 only affects a specific creditor, a successful prosecution of an adversary proceeding objecting to

---

1.  Rule 4004(a)-(b) provides in relevant part:
    (a) ... [A] complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)....

    (b) ... On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired.

the debtor's discharge under § 727 enures to the benefit of all creditors. *See In re Chalasani*, 92 F.3d 1300, 1309 (2d Cir. 1996). Moreover, a successful challenge to the debtor's discharge protects the bankruptcy policy of ensuring that only honest debtors, who satisfy the requirements of the code, are granted the privilege of a bankruptcy discharge. *Id.; see also In re Hecht*, 237 B.R. 7, 9 (Bankr.D.Conn.1999) (noting that a discharge is a privilege, not a right). For that reason, there is a risk that a debtor might attempt to strike a bargain with one creditor at the expense of the others. Even without a *quid pro quo*, a creditor who has filed a § 727 complaint could lose the motivation, financial or otherwise, to complete the prosecution of an adversary proceeding if, *e.g.*, the creditor's debt is repaid outside of the bankruptcy proceedings or the costs of litigation become a burden. Thus, courts are obliged to scrutinize with particular care requests to dismiss § 727 actions. That concern is reflected in the notice the court requires:

[A] complaint objecting to the debtor's discharge [under § 727] shall not be dismissed at the plaintiff's instance without notice to the trustee, the United State trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

Rule 7041, F.R.Bank.P.

No adversary proceeding to deny a discharge shall be withdrawn, dismissed, or settled except upon an order of the court after notice to the trustee, all creditors, and other parties in interest and a hearing.

D. Conn. LBR 7041–1(a).

Commonly known as *"Chalasani* notice," the prescribed notice is intended alert parties that they have an opportunity to object to a proposed dismissal of a § 727 action and seek to continue its prosecution.

The *Chalasani* notice in this case stated that any motions to intervene or be substituted should be filed no later than May 10, 2004, and, as noted *supra* at 244, the Objectors timely filed motions to intervene.

## II

The question presented is whether this court may allow "creditors who did not institute a § 727 action within the 60–day limit [to] continue the timely-brought action opposing the debtor's discharge when the original plaintiff declines to go further." *Chalasani*, 92 F.3d at 1311. The lower courts in *Chalasani* had permitted a creditor to be substituted in a dismissed § 727 adversary proceeding under Rule 25(c), F.R.Civ.P. ("In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action …"). That result was based on the theory "that when [the original plaintiff creditor] made sure that the debt owed to it by [the debtor] would not be discharged, it ceased to have an interest in pursuing § 727 relief, and that this interest was somehow transferred to [the creditor attempting to be substituted] *and the other creditors." Chalasani*, 92 F.3d at 1312.

The Court of Appeals rejected that result as a "legal fiction too convoluted to be maintained." *Id.* It reasoned that courts must "accord the rules their plain meaning," and that the legal fiction created by the lower courts to allow substitution was designed "to evade strict time limits designed to bring finality to a bankruptcy proceeding and discharge to a debtor." *Id.* Accordingly, substitution under Rule 25, and, for the same reasons, intervention under Rule 24, F.R.Civ.P., are not permissible when a § 727 action has been dis-

missed unless the party seeking to be substituted or to intervene has an *independent* right to such relief that is specifically provided by those rules. Here, the Objectors concede they do not have such a right.

The Objectors instead request, under the authority of Rule 7041, that the court condition any dismissal of this adversary proceeding on their opportunity to continue its prosecution. The debtor contends that this court does not have that authority. That contention is incorrect. *Chalasani* provides that "even after the 60–day period runs [*see* Rule 4004(a)-(b)], the court may still condition dismissal on the approval of the trustee ... or require, as a condition of dismissal, that the debtor allow another party to pursue a § 727 complaint that was timely filed." *Id.* at 1312. The Second Circuit elaborated:

> Bankr.R. 7041 provides that bankruptcy courts can insist that an objection under § 727 be dismissed with "terms and conditions" that it "deems proper." Thus, those courts may fashion case-appropriate remedies. *See [In re] Bilzerian,* 164 B.R. [688] at 691 [(Bankr.M.D.Fla.1994)] (one condition may be to require that a complaint not be dismissed before other parties have opportunity to prosecute original complaint) .... Bankr.R. 7041 grants bankruptcy courts sufficient authority and flexibility to place conditions on dismissal adequate to prevent tainted compromises. *See, e.g., In re Taylor,* 190 B.R. 413, 418 (Bankr.D.Colo.1995) (requiring an investigation by Chapter 7 trustee before allowing dismissal of § 727 claim).

*Chalasani,* 92 F.3d at 1312–13 (some citations omitted). Accordingly, notwithstanding the passage of the Rule 4004 bar date, courts in this circuit are authorized by *Chalasani* to fashion "case-appropriate remedies."

To accomplish a balance between Rule 4004 and Rule 7041, a party seeking the opportunity to continue a § 727 adversary proceeding is limited to the allegations of the original complaint.[2] That limitation maintains the "important policy goal in bankruptcy law ... that a debtor should obtain a fresh start in life and an opportunity to move ahead free of financial distress as quickly as possible," *Chalasani,* 92 F.3d at 1310, because the debtor is guaranteed he is only confronted with those allegations that were timely filed and does not allow creditors a backdoor around Rule 4004.

### III

The debtor argues that the chapter 7 trustee should review the merits of this action prior to the court concluding that the Objectors should be permitted to continue its prosecution, an option recognized by *Chalasani.* *See Chalasani,* 92 F.3d at 1313; *see also, e.g., In re Taylor,* 190 B.R. 413, 418 (Bankr.D.Colo.1995) (requiring an investigation by the chapter 7 trustee before allowing the dismissal of a § 727 action). The trustee has not yet investigated the merits of the complaint in this action. *See* Tr. at 42–45. While the trustee's conclusions are not determinative of whether the court will allow the Objectors to continue the prosecution of this action, it may be of significant assistance. Moreover, this investigation falls within the statutory obligations of the chapter 7 trustee. *See* § 704(a)(4) & (6) (providing the trustee shall "investigate the financial affairs of the debtor" and "if advisable, oppose the discharge of the debtor.").

---

**2.** The Objectors agree that, if their motion is granted, they are limited to the prosecution of the original complaint filed in this adversary proceeding. *See* Tr. at 53.

Accordingly, it is HEREBY ORDERED that no later than Tuesday, October 12, 2004, the trustee shall file and serve on all parties to this decision, with two copies delivered to chambers, a report of his conclusions as to the merits of this adversary proceeding, and it is

FURTHER ORDERED that on Tuesday, October 26, 2004 at 2 p.m., there will be reargument on the motions to intervene.