In re David C. IRELAND, Jr., Debtor.

Peter C. Fessenden, Harrison Hobbs
and Deborah Hobbs, Plaintiffs,

v.

David C. Ireland, Defendant.

Bankruptcy No. 98–11313.
Adversary No. 98–1068.

United States Bankruptcy Court,
D. Maine.

Dec. 14, 1998.

Peter C. Fessenden, Brunswick, ME, for Plaintiffs.

David C. Ireland, Jr., Pro Se.

### MEMORANDUM OF DECISION

JAMES B. HAINES, Jr., Bankruptcy Judge.

Before the court is the complaint of Peter Fessenden, Harrison Hobbs, and Deborah Hobbs. On his own behalf and that of his two co-plaintiffs, Fessenden seeks a determination that obligations owed the three by Chapter 7 debtor David Ireland as a result of a judgment entered by this court against Ireland for violations of the United States Bankruptcy Code § 110 in connection with Ireland's preparation of the Hobbs's Chapter 13 petition are non-dischargeable pursuant to § 523(a) of the Code.[1]

On December 10, 1998, we convened a brief trial at which the parties presented evidence and offered argument. At that time Fessenden withdrew his § 523(a)(4) claim. At the close of the parties' presentations I dismissed Fessenden's § 523(a)(6) complaint, as the record was bereft of evidence sufficient to meet the standard for willful and malicious injury set forth by the Supreme Court in *Kawaauhau v. Geiger (In re Geiger)*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). *See also McAlister v. Slosberg (In re Slosberg)*, 225 B.R. 9 (Bankr.D.Me.1998) (applying § 523(a)(6) in the aftermath of *In re Geiger*). I took the lingering § 523(a)(2)(A) claim under advisement.

### Discussion

Fessenden has placed his fraud eggs in an issue preclusion basket. He argues that the issues necessary for deeming Ireland's debt

---

1. Ireland was found liable to the Hobbs for violations of § 110 and to Fessenden for his fees and costs as the attorney prosecuting the § 110 proceeding. *See Fessenden v. Ireland (In re Hobbs)*, 213 B.R. 207 (Bankr.D.Me.1997).

Fessenden pulls the laboring oar for the Hobbs in this proceeding. For brevity's sake, I will refer to the plaintiffs collectively as "Fessenden."

to him non-dischargeable under § 523(a)(2)(A) were previously decided in *In re Hobbs* when I entered judgment against Ireland for violations of § 110(i)[2] and that those findings compel judgment in his favor.

To hold for Fessenden on an issue preclusion theory I must determine that: (1) the prior § 110(i) determination and the current § 523(a)(2)(A) litigation involve the same issues; (2) all the elements necessary for a § 523(a)(2)(A) determination were actually litigated in the § 110 action; (3) the § 110 judgment was a binding, final judgment; and (4) the requisite § 523(a)(2)(A) issues were essential to my § 110(i) holding. *See Monarch Life Ins. Co. v. Ropes & Gray*, 65 F.3d 973, 978 (1st Cir.1995); *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 30 (1st Cir. 1994).[3]

Section 523(a)(2)(A) excepts from an individual debtor's discharge "any debt ... for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by ... false pretenses, a false representation, or actual fraud." § 523(a)(2)(A). Thus, Fessenden must demonstrate that the following determinations were essential to the § 110(i) holding in *In re Hobbs:* (1) Ireland obtained money, property, services, or an extension, renewal, or refinancing of credit, by means of a knowingly false representation or one made in reckless disregard of its truthfulness; (2) Ireland intended to deceive the Hobbs; (3) the Hobbs actually relied on the misrepresentation; and (4) the Hobbs' reliance was justifiable. *See Sanford Inst. for Sav. v. Gallo*, 156 F.3d 71, 74 (1st Cir.1998) (focusing on the requirement of justifiable reliance); *Bombar-*

*dier Capital, Inc. v. Baietti (In re Baietti)*, 189 B.R. 549, 553 (Bankr.D.Me.1995) (outlining elements of § 523(a)(2)(A) in the First Circuit, noting that the standard was modified by *Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) so that the creditor's reliance need only be "justifiable" rather than "reasonable"); *Commerce Bank & Trust Co. v. Burgess (In re Burgess)*, 955 F.2d 134, 140 (1st Cir.1992) (pre*Field v. Mans* standard).[4]

As relevant to the current inquiry, Code section 110(i) penalizes conduct by bankruptcy petition preparers that is "fraudulent, unfair, or deceptive." § 110(i)(1). In *In re Hobbs* I concluded that Ireland's actions were "fraudulent, unfair, or deceptive" within the meaning of § 100(i) in that: "Ireland blatantly misled the Hobbs" in holding himself out as a paralegal even though he had never completed any formal paralegal training and had never prepared a Chapter 13 petition, 213 B.R. at 218; "Ireland also plainly engaged in the unauthorized practice of law," in attempting to advise the debtors on the advantage of filing a Chapter 13 versus a Chapter 7 petition, assisting them in selecting exemptions, drafting a Chapter 13 plan, and advising the Hobbs to discontinue mortgage and car payments, *id.;* and, in the context of holding himself out as an expert preparer, Ireland delayed preparing the Hobbs's bankruptcy documents (much to their detriment). *See id.*

There is not sufficient identity of issues between the § 110(i) determinations I made in *In re Hobbs* and the requirements of § 523(a)(2)(A) to compel judgment for Fessenden on an issue preclusion theory. In

---

**2.** At trial I took judicial notice of this decision upon the request of Fessenden.

**3.** As the prior judgment is a federal judgment, I look to federal law to determine the requirements for issue preclusion. *See Hoult v. Hoult*, 157 F.3d 29, 31 (1st Cir.1998); *Johnson v. SCA Disposal Servs. of New England, Inc.*, 931 F.2d 970, 974 (1st Cir.1991).

**4.** Fessenden had pleaded that Ireland's conduct amounts to "actual fraud" under § 523(a)(2)(A). The significance, if any, of the functional differences among the three alternatives imbedded in § 523(a)(2)(A) is not clear. *See In re Baietti*, 189 B.R. at 553 (observing that in most circum-

stances the three categories—false pretenses, false representations, and actual fraud—are not and need not be distinguished); *see also Securities and Exchange Comm'n v. Bilzerian (In re Bilzerian)*, 153 F.3d 1278, 1281–82 (11th Cir. 1998) (outlining a standard for § 523(a)(2)(A) equivalent to that articulated in *In re Burgess*, identified as "the traditional elements of common law fraud"); *Sack v. Friedlander (In re Friedlander)*, 170 B.R. 472, 475 (Bankr.D.Mass. 1994) (*In re Burgess*-like five-pronged test in context of alleged "actual fraud"). I note that the First Circuit standard is framed to capture the nuances of false representations and pretenses. As Fessenden did not address the point in his pleadings or at trial, I will not dwell on it.

determining that Ireland's conduct was sanctionable under § 110(i) I *need* not have concluded that Ireland "*intended* to deceive" the Hobbs. Furthermore, the question whether the Hobbs *justifiably* relied on Ireland's misrepresentations was neither actually litigated in *In re Hobbs* nor an essential element of my § 110(i) holding. *See Penntech Papers, Inc. v. Nat'l Labor Relations Bd.*, 706 F.2d 18, 23 (1st Cir.1983) ("[B]efore collateral estoppel may be successfully raised there must be at a minimum an identity of issues in the two actions. If the issue which was adjudicated in the earlier proceeding differs significantly from the issue presented in the later proceeding, collateral estoppel is not applicable," citations omitted).[5]

### Conclusion

For the reason set forth above, I will enter judgment for Ireland on Fessenden's § 523(a)(2)(A) complaint. The §§ 523(a)(4) and (6) claims having already been resolved in Ireland's favor, all Ireland's obligations to the plaintiffs arising from the *In re Hobbs* judgment are dischargeable in Ireland's Chapter 7. A separate order will enter forthwith.

---

**5.** Though § 110(i) and § 523(a)(2)(A) both utilize the language of "fraud," and Fessenden emphasized this facial similarity in advancing his estoppel argument, this alone does not make the meaning one. I also note that § 110(i) lists fraudulent, unfair, and deceptive in the alternative and there is no particularized finding in *In re Hobbs* that the conduct complained of involved "fraudulent acts."