In re Lori–Anne FOWLER, Debtor.

Lori–Anne Fowler, Plaintiff,

v.

Connecticut Student Loan Foundation,
Defendant.

Bankruptcy No. 99–21683.
Adversary No. 99–02150.

United States Bankruptcy Court,
D. Connecticut.

July 11, 2000.

Ronald M. Christensen, East Hartford, CT, for plaintiff-debtor.

R. Richard Croce, Rocky Hill, CT, for defendant.

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

Lori–Anne Fowler, a Chapter 7 debtor, ("the debtor"), on December 1, 1999, filed a complaint to determine the dischargeability of her student loan debt to the defendant, Connecticut Student Loan Foundation of Connecticut ("the defendant"), pursuant to 11 U.S.C. § 523(a)(8) (student loan debt not dischargeable unless excepting such debt from discharge "will impose an undue hardship on the debtor and the debtor's dependents"). The complaint asserted that the debtor is a single parent, sole support of her minor daughter, employed part time only, with no other source of income, and that the debtor is unable to pay the student loan debt and meet necessary expenses for food, shelter and clothing.

After filing an answer to the complaint which did not admit any of the allegations of undue hardship, the defendant, on April 28, 2000, filed the present motion for summary judgment with appropriate supporting papers.[1] These papers included a document entitled "Local Rule 9(c)1 Statement" ("Rule 9(c)1 Statement") submitted in accordance with D.Conn.L.Civ.R. 9(c)1[2], made applicable in the Bankruptcy Court by D.Conn. LBR 1001–1(b). The Rule 9(c)1 Statement set forth that the debtor is thirty-eight years old, employed part-time as a waitress with earnings of $8,858 in 1999, receiving $87 weekly child support for a minor dependent of eleven years of age, neither the debtor nor the dependent suffer from any physical or mental disability, that the debtor is liable for payment of a student loan debt whose present balance is $7,618.75 and that the defendant, having paid the original lender, is the holder of the loan. The summary judgment motion alleged there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. *See* Fed.R.Bankr.P. 7056.

The debtor, on May 22, 2000, filed an objection to the defendant's motion stating that genuine issues of fact exist, and in support thereof attached a memorandum of law, but no other papers. The memorandum of law asserts that the debtor suffers from a back injury and cannot work full time. The defendant, on June 2,

---

1. The supporting papers include a memorandum of law, the debtor's responses to requests for admissions, the debtor's responses to interrogatories, an affidavit of debt, the debtor's federal tax returns and a Local Rule 9(c)1 Statement.

2. Rule 9(c), entitled "Motions For Summary Judgment", provides as follows:

   1. There shall be annexed to a motion for summary judgment as a document entitled "Local Rule 9(c)1 Statement," which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 9(c)2.

   2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 9(c)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 9(c)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 9(c)2 Statement must also include in a separate section a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

   3. The statements referred to above shall be in addition to the material required by these Local Rules and the Federal Rules of Civil Procedure.

2000, filed a reply brief[3], noting, *inter alia*, that the debtor had neglected to submit a "Local Rule 9(c)2 Statement" ("Rule 9(c)2 Statement"), as required by Rule 9(c). *See* Note 2, *supra*. The reply brief then claimed that since all material facts which the defendant set out in its Rule 9(c)1 Statement are deemed admitted, and no Rule 9(c)2 Statement has been submitted to support the existence of a triable material fact, the defendant is entitled to the granting of its Motion.[4]

Although more than 30 days have gone by since the defendant filed its reply, the debtor has failed to file a Rule 9(c)2 Statement in response to the defendant's motion. The dispositive issue comes to be: "What is the effect of a party opposing a summary judgment motion neglecting to submit a Rule 9(c)2 Statement?"

## II.

■ A holding of the District Court supports a ruling that the failure of an opposing party to file a Rule 9(c)2 Statement will justify the granting of the summary judgment motion. In *Ross v. Shell Oil Co.*, 672 F.Supp. 63, 66 (D.Conn.1987), the court stated: "When [a Rule 9(c)2 Statement] is not provided, the material facts set forth in the moving party's statement of facts not in dispute will be deemed to be admitted. The mere filing of an opposing memorandum and annexed affidavit which, when read as a whole, contains a "statement" of facts alleged to be in dispute, does not fulfill the requirements of a separate, discrete statement of such

facts. . . . Local Rule 9(c) is strictly interpreted, and failure to properly controvert facts in opposing a summary judgment motion is an appropriate consideration in granting the motion." *Cf. Hoffman v. Adinolfi, O'Brien & Hayes (In re Sylvia)*, 185 B.R. 674, 676 (Bankr.D.Conn.1995). (Intentional failure to file a Rule 9(c)1 Statement by movants for summary judgment is sufficient basis for the court to deny motion.)

■ The burden of proof in a § 523(a)(8) proceeding on the issue of undue hardship rests on the debtor, *Borrero v. Connecticut Student Loan Foundation (In re Borrero)*, 208 B.R. 792, 795 (Bankr.D.Conn.1997). In the Second Circuit, existence of undue hardship is determined according to a three-part test announced in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395, 396 (1987) ((1) debtor cannot maintain, based on current income and expenses, a minimal standard of living for herself and her dependents if forced to repay the loan;(2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period; and (3) the debtor has made good faith efforts to repay the loan).

Taking into account all of the foregoing factors, the court concludes that the neglect of the debtor, as the party opposing a summary judgment motion otherwise sustainable, to comply with Rule 9(c)2, when the issue is primarily fact based, is suffi-

---

3. Rule 9(g) authorizes a reply brief to be filed within ten days of the filing of the responsive brief to which reply is being made.

4. "For issues, . . . on which the non-movant would bear the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar material negating the opponent's claim in order to discharge this initial responsibility. Instead, the moving party simply may show . . . that there is an absence of evidence to support the non-moving party's case. . . . If . . . the movant carries the initial summary judgment bur-

den . . . responsibility then devolves upon the non-movant to show the existence of a genuine issue as to the material fact." *White v. United States Department of Education (In re White)*, 243 B.R. 498, 502 n. 4 (Bankr. N.D.Ala.1999) (where creditor-moving party for summary judgment establishes that debt held by creditor constitutes an educational loan under § 523(a)(8), creditor-moving party has satisfied its initial burdens of proof as to both dischargeability and summary judgment).

cient cause for the court to grant the motion.[5]

## III.

### CONCLUSION

The defendant's motion for summary judgment is granted, and a judgment will enter determining that the student loan debt due from the debtor to the defendant is not discharged. It is

**SO ORDERED.**

**5.** The court acknowledges that this ruling may, in light of all the circumstances, appear rigid and punctilious, but, if the circumstances warrant, the debtor may proceed pursuant to Fed.R.Bankr.P. 9023 or 9024.