In re Armando FREITAS, Sr., Debtor.

Ronald I. Chorches, Trustee, Plaintiff,

v.

Armando Freitas, Sr., Defendant.

Bankruptcy No. 99–32951.
Adversary No. 99–3181.

United States Bankruptcy Court,
D. Connecticut.

April 18, 2001.

Ronald I. Chorches, Hartford, CT, for plaintiff.

Victor M. Lamparro, Bethel, CT, for defendant.

Patricia Beary, Assistant U.S. Trustee, U.S. Trustees Office, Justice Department, New Haven, CT.

## RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ALBERT S. DABROWSKI, Bankruptcy Judge.

### I. BACKGROUND

In this adversary proceeding the Plaintiff, Ronald I. Chorches, the Chapter 7

Trustee (hereafter, the "Trustee"), through a two-count Complaint filed September 17, 1999,[1] seeks to deny the Debtor, Armando Freitas, Sr. (hereafter, the "Debtor" or "Defendant"), his bankruptcy discharge. Count One of the Complaint, based on 11 U.S.C. § 727(a)(5),[2] alleges the Debtor has failed to satisfactorily explain the loss of $83,000.00 within five (5) months of the July 6, 1999, filing of his Chapter 7 bankruptcy petition. Count Two of the Complaint, based upon 11 U.S.C. § 727(a)(2)(A),[3] alleges the Debtor, with intent to hinder, delay or defraud creditors, transferred or concealed as much as $83,000.00 within one year of the petition date. On July 26, 2000, the Trustee moved for summary judgment on Count Two.[4] The Defendant has not responded. For the reasons which follow, the Summary Judgment Motion will be granted.

## II. DISCUSSION

### A. Bankruptcy Rule 7056(c)

Federal Rule of Civil Procedure 56(c), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, directs that summary judgment shall enter when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

When ruling on motions for summary judgment "the judge's function is not ... to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there are no material facts in dispute and all reasonable inferences are to be drawn, and all ambiguities resolved in favor of the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

However, to defeat a properly supported motion for summary judgment the non-moving party "may not rest upon the mere allegations or denials of its pleadings"; its response "must set forth specific facts showing that there is a genuine issue for trial ." Fed.R.Civ.P. 56(e). The non-moving party must show more than "some metaphysical doubt as to the material

1. The Defendant answered the Plaintiff's September 17, 1999 Complaint on October 19, 1999.

2. Section 727(a)(5) reads in pertinent part:
 (a) The court shall grant the debtor a discharge, unless—
 (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtors liabilities.

3. Section 727(a)(2)(A) reads in pertinent part:
 (a) The court shall grant the debtor a discharge, unless—
 (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
 (A) property of the debtor, within one year before the date of the filing of the petition. . . .

4. The Plaintiff's Motion for Summary Judgment (hereafter, the "Summary Judgment Motion"), Doc. I.D. No. 13, requests "a summary judgment order as to the Plaintiff's Complaint." Accompanying the Summary Judgment Motion was the Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment, Doc. I.D. No. 14, arguing for summary judgment relief as to Count Two exclusively. On this basis, the Court treats the Summary Judgment Motion to seek judgment as a matter of law only as to the request for discharge denial pursuant to Section 727(a)(2)(A).

facts." *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### B. *Local Rule 9(c)*

■ Local Rule 9(c) [5] supplements Fed. R.Civ.P. 56(c) by requiring statements of material facts from each party to a summary judgment motion. Local Rule 9(c) "is strictly interpreted, and failure to properly controvert facts in opposing a summary judgment motion is an appropriate consideration in granting the motion." *Ross v. Shell Oil Co.*, 672 F.Supp. 63, 66 (D.Conn.1987) (citations omitted); *see also Booze v. Shawmut Bank, Connecticut*, 62 F.Supp.2d 593, 595 (D.Conn.1999); *Fowler v. Connecticut Student Loan Foundation*, 250 B.R. 828, 830–31 (Bankr.D.Conn.2000).

■ In support of his Summary Judgment Motion, the Trustee filed the requisite Local Rule 9(c)(1) Statement. The Defendant, however, has failed to file the requisite Local Rule 9(c)(2) Statement, and has otherwise wholly failed to respond to the Summary Judgment Motion.[6] Accordingly, pursuant to local Rule 9(c)(1), the material facts discussed hereafter, drawn from Trustee's Local Rule 9(c)(1) Statement, are "deemed admitted" for purposes of this matter.

### C. *The Merits*

The Defendant received the sum of $83,000.00 from a personal injury settlement on January 22, 1999. He immediately transferred $43,400.00 to a live-in companion and two relatives—$30,000.00 to his live-in companion on January 22, 1999, and $4,400.00 and $9,000.00, to his brother and mother, respectively, three days later. The remaining $39,600.00 he quickly depleted gambling, at hotels, in restaurants, and on car rentals. The debts the Defendant scheduled in his bankruptcy case, $81,000.00 in total, were incurred within the two-week period beginning January 30, 1999 and ending approximately mid-February, 1999.

■ The party objecting to the granting of a discharge bears the ultimate burden of persuasion in an adversary proceeding pursuant to Section 727(a). Fed. R.Bankr.P. 4005, *Northeast Alliance Federal Credit Union v. Garcia (In re Gar-*

---

**5.** D.Conn.L.Civ.R. 9(c), entitled "Motions for Summary Judgment," states:

1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule 9(c)1 Statement", which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 9(c)2.

2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 9(c)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 9(c)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The

Local Rule 9(c)2 Statement must also include in a separate section a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

3. The statements referred to above shall be in addition to the material required by these Local Rules and the Federal Rules of Civil Procedure.

**6.** The Court notes that the Defendant through counsel, participated in the execution of a Pretrial Order, Doc. I.D. No. 12, on April 12, 2000, scheduling a trial in this proceeding for August 14, 2000. The Court further notes that each of the supporting documents to the Summary Judgment Motion, as well as the Summary Judgment Motion, has affixed, a certification of service indicating that copies of each were mailed to both the Defendant and his counsel, on July 25, 2000.

**560**

*cia),* 260 B.R. 622, 630–31 (Bankr.D.Conn. 2001) And, in order to successfully object to a debtor's discharge under § 727(a)(2)(A), the objecting party bears the burden of proving the elements required by the statute by a preponderance of the evidence.

 To sustain an objection to discharge under Section 727(a)(2), the Trustee must prove that the act or undertaking:

(1) occurred within one year prior to the commencement of the case;

(2) was performed with actual intent to defraud a creditor or an officer of the bankruptcy estate;

(3) was done by the debtor or his duly authorized agent; and

(4) involved concealing, destroying, transferring, or removing debtor's property, or permitting any of these acts to be done.

*E.g., In re Maletta,* 159 B.R. 108, 115 (Bankr.D.Conn.1993); *See also In re Silverstein,* 151 B.R. 657, 660 (Bankr. E.D.N.Y.1993). The concealment, transfer or removal of the assets, without more, is not enough to deny discharge under 11 U.S.C. § 727(a)(2); rather, there must also be a showing of an actual intent to hinder, delay, or defraud creditors. *E.g., In re Bernard,* 99 B.R. 563 (Bankr.S.D.N.Y. 1989) *See also In re Koch,* 83 B.R. 898 (Bankr.E.D.Pa.1988).

 Through the facts "deemed admitted" in this proceeding the Trustee has clearly and adequately established each of these elements. Within one year prior to the commencement of his bankruptcy case, the Debtor concealed, transferred and removed $43,400.00 of his property by transferring it to a companion and relatives. In addition, in transferring the $43,400.00, the Court is satisfied that the Debtor acted with the requisite intent to conceal, defraud or delay his creditors. Rarely, if ever, does a debtor admit to intentionally hindering, delaying or defrauding his creditors. Consequently, courts must often look to various "badges of fraud" to infer fraudulent conduct on behalf of a debtor transferring away valuable assets prior to a voluntary bankruptcy filing. "Badges" which are strong indicators of a debtor's fraudulent intent in making transfers, for denial of discharge purposes, include the following:

(1) Lack of consideration for the property transferred;

(2) Family or close relationship between the parties;

(3) Retention of possession for use and benefit;

(4) Financial condition of transferor before and after the transfer;

(5) Cumulative effect of transactions and course of conduct after financial difficulties arise; and

(6) General chronology and timing of events.

*See In re Ireland,* 229 B.R. 48 (Bankr. D.Me.1998), *see also In re Hunter,* 229 B.R. 851 (Bankr.M.D.Fla.1999). All of the foregoing "badges of fraud" are evident here. The Defendant transferred a large portion of the personal injury lump sum payment to those closest to him: his live-in companion, and his mother and brother. In return for these transfers to individuals, he received no consideration. In addition, because the transfers were immediate and to close relatives and a live-in companion, it is reasonable to infer that the Defendant retained control over the transferred funds. The requisite intent also springs from his financial condition before and after the transfers, the cumulative effect of the extraordinary dissipation of funds while in the process of incurring debt, and the general chronology attending his acts. Had the Debtor not transferred away and dissipated the settlement funds, he would

have been able to satisfy all of the creditors' claims in this bankruptcy proceeding.

 Standing alone, the transfer of $43,4000.00 for no consideration, is enough to establish the requisite intent to defraud creditors. Property transferred gratuitously prior to bankruptcy filing gives rise to a presumption, not rebutted by any fact in this case, of the requisite fraudulent intent necessary to bar a discharge under 11 U.S.C. § 727(a)(2)(A). *See In re Rubin,* 12 B.R. 436 (Bankr.S.D.N.Y.1981). In addition, however, the Debtor exhausted the rest of his money—$39,600.00—gambling, at hotels and restaurants, on rented cars, and traveling to Portugal, effectively squandering assets which could have satisfied creditors. Individuals contemplating bankruptcy, who deliberately and recklessly dissipate money which otherwise would fall into the hands of the bankruptcy trustee or creditors, are, *a fortiori,* committing waste that has the ineludible effect of hindering or delaying creditors. *In Re Rice,* 109 B.R. 405 (Bankr.E.D.Cal.1989), *aff'd,* 126 B.R. 822 (9th Cir. BAP 1991).

### III. CONCLUSION

The pleadings, depositions, answers to interrogatories, and admissions on file (including the deemed admitted facts in the unopposed Rule 9(c)(1) Statement) show that there is no genuine issue as to any material fact related to Count Two of the Complaint. The undisputed facts of record compel the conclusion that the Debtor, with intent to hinder, delay, or defraud creditors, and within one year of the commencement of his bankruptcy case, concealed, transferred and removed $43,400.00 of his property by transferring it to others, and removed an additional $39,600.00 by his personal waste. Accordingly, as the Trustee is entitled to judgment as a matter of law, the Trustee's Motion for Summary Judgment as to Count Two of the Complaint seeking a denial of discharge pursuant to Bankruptcy Code Section 727(a)(2)(A) is **GRANTED.**

A separate Judgment shall enter simultaneously herewith.

### JUDGMENT

The above-captioned *Plaintiff's Motion for Summary Judgment,* Doc. I.D. No13, having been filed by Ronald I. Chorches, Chapter 7 Trustee, and the Debtor/Defendant, Armando Freitas, Sr. having failed to respond, and the Court having reviewed the entire file and all material submitted in support of the Motion for Summary judgment, and having issued this date its *Ruling on Plaintiff's Motion for Summary Judgment,* in accordance with which it is hereby

**ORDERED** that the objection of the Plaintiff to the granting of a discharge to the Debtor/Defendant under 11 U.S.C. §§ 727(a)(2)(A) (Count Two of the Complaint) is **SUSTAINED AND GRANTED.** Judgment shall enter in favor of the Plaintiff as to Count Two of the Complaint. The Debtor's Discharge is **DENIED.**